MARGARET HORRIGAN *vs.* INHABITANTS OF CLARKSBURG.

Berkshire.    September 10, 1889. — November 29, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Defect in Way — Contributory Negligence — Exceptions.*

An action cannot be maintained against a town on the Pub. Sts. c. 52, § 18, to re-
cover for personal injuries resulting from a defect in a highway, where the
injuries resulted directly from the plaintiff's negligence as well as from the
defect, if it cannot be determined what part of the injuries was caused by
either, or that any substantial injury would have been received but for such
negligence.

At the trial of such an action there was evidence tending to prove that the plain-
tiff, while riding with her husband in a sleigh, was violently thrown from her
seat, in consequence of a defect in the highway, upon an iron brace of the
sleigh, which had been broken or loosened, and which projected upwards eight
or ten inches from the side of the sleigh, and was thus injured.   The presid-
ing judge refused to instruct the jury, as requested by the plaintiff, that " in
this case there was a distinction between accident and injury, and if the broken
or loosened brace was not a contributing cause to the plaintiff's being thrown
from the sleigh, but only contributed to the injury received, she could recover,"
but instructed them that, if the brace made the sleigh unsafe, and was a con-
tributing cause of the injury, and if its condition would have been discovered
by the plaintiff when she started on her journey if she had exercised reason-
able care, then she could not recover, whether she knew of its condition or not,
and, no specific exception being taken thereto and no other requests being made,
submitted the case without objection to the jury, who returned a verdict for the
defendant.   *Held,* that the plaintiff had no ground of exception.

A point not taken at the trial is not open upon a bill of exceptions.

TORT for personal injuries occasioned to the plaintiff by a
defect in a highway which the defendant town was bound to
keep in repair.    Trial in the Superior Court, before *Bishop,* J.,
who allowed a bill of exceptions, which, so far as material,
appear in the opinion.

*M. E. Couch,* (*E. H. Beer* with him,) for the plaintiff.

*C. M. Wilcox,* (*M. Wilcox* with him,) for the defendant.

FIELD, J.   The plaintiff's evidence tended to prove that, while
riding with her husband in a sleigh, she was violently thrown
from her seat, in consequence of a defect in the highway, upon
an iron brace of the sleigh which had been broken or loosened,
and which projected upwards eight or ten inches from the side
of the sleigh, and that this brace entered her body, and pro-

duced the injuries complained of. The instructions to the jury were, in effect, that if the brace made the sleigh unsafe, and was a contributing cause of the injury, and if its condition would have been discovered by the plaintiff when she started on her journey if she had exercised reasonable care, then she could not recover, whether she knew of its condition or not.

The plaintiff requested the court to instruct the jury that "in this case there was a distinction between accident and injury, and if the broken or loosened brace was not a contributing cause to the plaintiff's being thrown from the sleigh, but only contributed to the injury received, she could recover," and this request was refused.

The plaintiff's counsel at the argument contended, among other things, that, if the plaintiff exercised reasonable care in seeing that the sleigh was ordinarily safe for travel on the highway, she discharged her whole duty, and that it was not her duty to foresee that there might be defects in the highway, and to see to it that the sleigh was in a condition safely to encounter such defects. It does not appear by the exceptions that any objection was specifically taken to the instructions of the court upon this subject, or that the court was asked to define to the jury the tests by which they were to determine whether the sleigh was safe and suitable to be used by travellers on a highway. The court left this to be determined by the practical judgment of the jury. As no specific exception was taken to this course, this contention, whether there is anything in it or not, is not open to the plaintiff.

It does not appear from the exceptions that it was possible for the jury to distinguish the damage received from being thrown from the sleigh from that received from falling upon the brace, or that, if the brace had not been broken and misplaced, any substantial damage would have been received by the plaintiff.

The case, we think, does not require us to consider whether, in actions at common law against persons on the ground of their negligence, the rule of law is as stated in *Greenland* v. *Chaplin*, 5 Exch. 243, 248; namely, " that where the negligence of the party injured did not in any degree contribute to the immediate cause of the accident, such negligence ought not to

be set up as an answer to the action." This statement is cited as accurate, except so far as it relates to the burden of proof, in *Murphy* v. *Deane*, 101 Mass. 455, 465. In *Greenland* v. *Chaplin*, Chief Baron Pollock also said: " I entirely concur with the rest of the court, that a person who is guilty of negligence, and thereby produces injury to another, has no right to say, ' Part of that mischief would not have arisen if you yourself had not been guilty of some negligence ' . . . but, at the same time, I am desirous that it may be understood that I entertain considerable doubt, whether a person who is guilty of negligence is responsible for all the consequences which may under any circumstances arise, and in respect of mischief which could by no possibility have been foreseen, and which no reasonable person would have anticipated." Certainly, if a plaintiff by his own fault aggravates the injury he has received, he ought not to recover for the injury he has himself caused, if it is practicable to distinguish it from the injury caused by the fault of the defendant. Whether, if it is impossible to apportion the damages, the plaintiff can recover at all at common law, need not now be considered. See *Holly* v. *Boston Gas Light Co.* 8 Gray, 123; *Sherman* v. *Fall River Iron Works*, 2 Allen, 524; *Eastman* v. *Sanborn*, 3 Allen, 594.

This is an action against the inhabitants of a town, under the Pub. Sts. c. 52, § 18, which provide that, "If a person receives or suffers bodily injury . . . through a defect . . . in or upon a highway, . . . he may recover . . . the amount of damage sustained thereby," etc. In actions under this provision of the statute, the injury must have been received solely in consequence of the defect in the highway. If between the cause and the effect the negligence of the plaintiff intervenes, so that the injury received is the direct consequence of this negligence as well as of the defect in the way, and if it is impossible to determine what portion of the injury is caused by either, or that any substantial injury would have been received but for the negligence of the plaintiff, we think that the action cannot be maintained. It does not appear from the exceptions that the present is not such a case.

*Exceptions overruled.*