Martha Wille, Respondent, *v.* Ira Maier, Appellant.

466

(Argued May 21, 1931; decided June 2, 1931.)

*Jay Leo Rothschild, Alexander L. Strouse* and *Louis Rivkin* for appellant. The prior judgment between the corporation and the plaintiff is *res judicata.* (*Rudd* v. *Cornell,* 171 N. Y. 114.) Defendant did not constitute two different legal entities, but even if he did, what he did in one legal character was a complete defense to the result of his conduct in the other. (*Collins* v. *Hydorn,* 135 N. Y. 320; *Rathbone* v. *Hooney,* 58 N. Y. 463; *Dyett* v. *Hyman,* 129 N. Y. 351; *Wilcox* v. *Gilchrist,* 85 Hun, 1; *Barclay* v. *Williams,* 30 Misc. Rep. 687.) The issue of fraud was determined. (*Dudley* v. *Congregation of St. Francis,* 138 N. Y. 451; *Saperstein* v. *Mechanics & F. Sav. Bank,* 228 N. Y. 257; *D'Aversa* v. *Guida,* 213 App. Div. 355; 244 N. Y. 590; *Jarvis* v. *Driggs,* 69 N. Y. 143; *Williams* v. *Barkley,* 165 N. Y. 48; *Perry* v. *Dickerson,* 85 N. Y. 345; *Earle* v. *Earle,* 173 N. Y. 480; *Blair* v. *Bartlett,* 75 N. Y. 150; *Goldman* v. *Rubinstein,* 214 App. Div. 791; 242 N. Y. 517.) The release from the plaintiff to the defendant's corporation operated as a complete satisfaction of the claim herein. (*Barrett* v. *Third Ave. R. R. Co.,* 45 N. Y. 628.) Counsel fees paid by the plaintiff in resisting the action of the corporation for specific performance were not properly

chargeable to defendant. (*Stanton* v. *Hennessey*, 78 Hun, 287; 150 N. Y. 564; *Whitney* v. *National Bank*, 45 N. Y. 303; *Slingerland* v. *Bennett*, 66 N. Y. 611; *Hitchcock* v. *Bank of Suspension Bridge*, 57 App. Div. 458.) There was no charge as to what constituted the relation of attorney and client. (*Maloney* v. *Kaplan*, 233 N. Y. 426; *Stout* v. *Smith*, 98 N. Y. 25; *Kittredge* v. *Grannis*, 236 N. Y. 375; *Gallagher* v. *McMullin*, 7 App. Div. 321; *Pfeffele* v. *Second Ave. R. R. Co.*, 34 Hun, 497; *Delost* v. *Parmer Co.*, 35 Hun, 386; *Murray* v. *Narwood*, 192 N. Y. 172; *Newall* v. *Bartlett*, 114 N. Y. 399.)

*Irving D. Lipkowitz* and *Claude L. Gonnet* for respondent. The prior judgment in favor of the corporation is not *res judicata*. The question of defendant's professional duty as plaintiff's attorney was not actually determined and could not have been involved in the prior litigation. (*Sternberger* v. *McGovern*, 56 N. Y. 12; *Saperstein* v. *Mechanics & Farmers Sav. Bank*, 228 N. Y. 257; *Ohl & Co.* v. *Standard Steel Sections, Inc.*, 179 App. Div. 637; *Kraemer* v. *World Wide Trading Co.*, 195 App. Div. 305.) The prior judgment is not available to the defendant, not because of his acts as the agent of the vendee, but for the breach of an independent duty owing by him to the plaintiff as the latter's agent and attorney. (*St. John* v. *Fowler*, 229 N. Y. 270; *Fairview Chase Corp.* v. *Scharf*, 225 App. Div. 232; 254 N. Y. 55.) The question of the defendant's duty to plaintiff as her attorney could not possibly have been litigated in the prior action. (*Wiebke* v. *De Wyngart*, 101 Atl. Rep. 410; *Grudberg* v. *Midvale Realty Co.*, 119 Misc. Rep. 558.) The rule that a release of one joint tort feasor discharges all, has no application to the case at bar, which is predicated, not upon a joint tort, but upon the fraudulent discharge by the defendant of his independent duty to the plaintiff as her attorney. (*Frascone* v. *Louderback*, 153 App. Div. 199; *Fedden* v. *Brooklyn Eastern District Terminal*, 204

App. Div. 741; *Atlantic Dock Co. v. Mayor*, 53 N. Y. 64; *Casey v. Auburn Tel. Co.*, 131 N. Y. Supp. 1; 148 App. Div. 900.) The charge was adequate and submitted to the jury the fundamental questions. (*Haefeli v. Woodrich Engineering Co.*, 255 N. Y. 442; *Haas v. King*, 216 App. Div. 821; *Robinson v. Ins. Co.*, 198 N. Y. 523.) No error was committed in the reception of evidence as to damages. (*Reno v. Bull*, 226 N. Y. 553; *Foster v. Di Paolo*, 236 N. Y. 132; *Lurman v. Jarvie*, 82 App. Div. 37; *Dubois v. Hermance*, 56 N. Y. 673; *Hynes v. Patterson*, 95 N. Y. 1.)

POUND, J. The complaint states a cause of action against the defendant as an attorney at law, based upon fraudulent and dishonest advice given by him to plaintiff to induce her to sign an agreement for the assignment of a lease.

Martha Wille, the plaintiff herein, had leased property in New York city known as 66 West Fifty-first street for a period of twenty years. The lease contained a provision forbidding the lessee to sublet the property. Ira Maier, the defendant herein, the president and principal stockholder of Tyler Hill Corporation, approached plaintiff with an offer on behalf of the corporation to take over her lease for an annual payment largely in excess of the rental provided for in the lease. She signed an instrument in writing providing for the transfer of the lease to Tyler Hill Corporation, *together with the consent of the owner*. She was unable to perform her contract for the reason that the landlord refused to give his permission for the transfer of the lease. Thereupon Tyler Hill Corporation brought an action for specific performance against her, and in lieu of specific performance obtained a judgment against her for $15,000 damages for her failure to perform. Plaintiff had defended the action on the ground that it was induced by fraud in that the corporation, by Ira Maier, its representative, had advised her

that the paper she signed contained a provision that it should take effect only if she could obtain the consent of the landlord to the assignment of the lease. The court found that she was well aware of the terms of the lease forbidding her to sublet and that the only question remaining was the amount of damages. Thereafter she paid $10,000 in settlement of the judgment and gave the corporation a general release and then brought this action against Ira Maier, alleging that in the negotiations leading up to the transfer he undertook to act as her attorney and, as such, erroneously and wrongfully advised her that she could make the transfer without her landlord's consent, with the result that she was cast in judgment for having signed the lease and incurred legal expenses in defending the action for specific performance. On the trial of the action she testified that Maier said to her: " I am a lawyer, I know the owner cannot refuse the consent;" again, that he said: " You may take a lawyer, but it is not necessary. I am a lawyer, I protect you, I take care of everything;" and again, " Mrs. Wille, you can safely sign it, I protect you in every way. I am a lawyer and I protect you in every way, so you can safely sign it." The jury believed her statement and she recovered a judgment against the defendant for upwards of $15,000 damages, this sum including the $10,000 which she paid in settlement of the judgment against her and a charge of $5,000 for attorney's services.

The question is whether defendant may be regarded as two distinct entities, viz., as agent for his company and as attorney for plaintiff, so that his representations in the latter capacity may be the basis of an independent cause of action against him although the corporation has been exonerated on the issue of fraud.

The advice thus found to have been given obviously was very bad and wicked as the prohibition against subletting was absolute as both plaintiff and defendant well knew. He advised her that, notwithstanding, the owner

would be compelled to consent. As he agreed to protect her in every way and dissuaded her from seeking other legal advice, the defendant does-not greatly question that he is concluded on the facts by the verdict as-to the relation of attorney and client but relies as matter of law upon the prior judgment in favor of the defendant's corporation and against plaintiff which he claims is *res adjudicata*.

It is settled law in this State that "A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first. * * * It is not conclusive, however, to the same extent when the two causes of action are different, not in form only * * *, but in the rights and interests affected. The estoppel is limited in such circumstances to the point actually determined." (CARDOZO; Ch. J., in *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306, 307.)

In *Tyler Hill Corporation* v. *Wille* the plaintiff therein sought specific performance or money damages against this plaintiff. The defense was that the corporation through its representative Maier stated that the contract contained a provision that it would be of no effect unless she could obtain the consent of the landlord to the assignment. The court found that this plaintiff knew before signing the contract that it provided that she must obtain the consent of the lessor to the assignment of the lease and rendered judgment accordingly.

This was the only point actually determined. Applying the rule as above stated, we ask whether the issue could have been litigated in the prior action that defendant, as plaintiff's attorney, falsely misrepresented to her that, notwithstanding the contents of the contract, which she knew, the consent of the owner could be obtained and

that she was induced to sign the same in reliance on the advice of defendant as her attorney that the owner could not refuse to give his consent to the assignment.

The answer should be in the negative. The two causes of action differ not only in form but also in substance. The subject-matter is different. The court in the first action did not hold that this defendant was free from tortious conduct toward plaintiff as her representative and no adjudication to that effect was made in favor of him. As against the corporation the contract was a valid agreement. That plaintiff was induced to execute it by bad and fraudulent advice of her attorney was not germane to the issue. The prior adjudication that the corporation did not misstate the contents of the contract is doubtless binding on plaintiff, both as to the corporation and the corporation's agent. As to it, the transaction was entirely fair. This is entirely another cause of action charging not the fraud of the corporation but the different fraud of her volunteer attorney.

The trial judge ruled that the judgment in the former action was not *res adjudicata* because the parties were different. The record of the action against the corporation for specific performance is not in evidence and is marked for identification only. If, however, the decision is correct we should not reverse because the reasons given therefor are inadequate.

The same answer may be made to the point that the release from the plaintiff to the corporation of her cause of action against it operated as a satisfaction of the claim herein. The corporation has been exonerated. No relation of joint tort feasor existed when the release was signed. Defendant cannot assert that the corporation and he were joint tort feasors as to the wrong now complained of.

The question remains as to whether reversible error was committed in the reception of evidence as to damages. Damages include counsel fees paid by respondent in the

defense of Tyler Hill Corporation action and the amount paid by respondent in settling the broker's action for commissions. Both these items of expense were the direct and immediate result of entering into the contract of sale under defendant's fraudulent advice.

It is complained that the charge to the jury was inadequate as to what constituted the relation of attorney and client. The question was fairly presented to the jury. Although counsel for the defendant excepted to the charge " as a whole on the ground that it does not adequately present to the jury the fundamental question as to whether there was the relation of attorney and client under the circumstances thereof," no material instructions were specifically requested which were not covered by the main charge. The issue of " lawyer or no lawyer " was properly submitted to the jury. Defendant either " assumed the job of lawyer for her " or he did not. As the court said, " that is all there is to it."

Thus we have a case where an attorney at law is found to have established a definite relation of confidence which resulted in action taken on his advice as to the law. The evidence is ample to justify the verdict. Where such relation exists material fraudulent representations or opinions as to the law are actionable. In such cases as this, the attorney who induces the adverse party to a transaction to accept his word as to the law in order to avoid the appearance of another attorney on the scene, fails in the jealous care for his standing at the bar which he should sedulously exert and opens himself to liability for his false representations to his adopted client.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.