SADIE ALBERT, Plaintiff, *v.* SHEFFIELD FARMS COMPANY, INC., Defendant.

Supreme Court, Special Term, Bronx County, February 14, 1950.

*Finke, Jacobs & Hirsch* for plaintiff.

*Alber, Andrew & Rohlfs* for defendant.

BRISACH, J. Plaintiff moves for summary judgment pursuant to rule 113 of the Rules of Civil Practice and that the defendant's answer be struck out, and the defendant makes

a cross motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice, requesting the dismissal of the complaint upon the merits.

The salient and pertinent points and facts presented are (1) the existence of the relationship of landlord and tenant; (2) whether the plaintiff's assignor is entitled to the protection of the Commercial Rent Law (L. 1945, ch. 3, as amd.). Defendant contends (1) that there never existed a relationship of landlord and tenant; (2) that the plaintiff's assignor is estopped from suing by virtue of the agreement entered into between the parties.

On or about July 9, 1946, Morton and Henry W. Albert, who were the then owners of real property known as 1115-35 Webster Avenue, Bronx, New York, entered into a contract of sale whereby they agreed to sell the above real property to Isobel L. Alicino, who in turn assigned her contract of sale to the defendant Sheffield Farms Co., Inc. The contract contained the following clause: '' It is agreed that after the closing of title and delivery of the deed the sellers shall have the privilege of remaining as tenants from month to month in the space they presently occupy until February 1st, 1947, at a monthly rental of Six Hundred ($600) Dollars for each and every month, payable in advance on the first day of each and every month. The sellers agree to vacate and deliver possession of that part of the premises occupied by them, consisting of about 15,000 square feet, on or before February 1st, 1947, which condition is the essence of this contract. Should the sellers as tenants, fail to deliver possession by February 1st, 1947, they shall pay to the purchaser over and above the monthly rental herein provided for, an additional amount of $600. per month, payable in advance on the first day of each and every month, as and for liquidated damages, beginning with such additional payment on February 1st, 1947.''

On October 9, 1946, all the interested parties convened at the office of the attorney for the said Morton and Henry W. Albert and closed title. At the time of the closing a provision was inserted in the contract reading: '' The provisions herein relative to the owner's possession to the closing hereunder shall survive this contract.''

It is conceded by all the parties that plaintiff's assignor remained in the premises until August 31, 1947, and that the rents collected by the defendant were the sums provided for in the above agreement. It is also conceded that the plaintiff's assignor did not remove from the premises until August 31,

1947, and that the defendant commenced summary proceedings on February 6, 1947, in the Municipal Court, Borough of The Bronx, Second District, for the removal of the plaintiff's assignor from the premises. The plaintiff's assignor interposed an answer in the Municipal Court and on the 20th day of March, 1947, the parties reconciled their differences; plaintiff's assignor, withdrew its answer in the Municipal Court and entered into a stipulation setting forth all the terms of the settlement, consenting therein to the entry of a final order in the Municipal Court directing the issuance of a warrant to a city marshal in the event of its failure to vacate the premises as per stipulation.

It is true that the defendant in this action did not interpose its defense of *res judicata.* Plaintiff's assignor, who was the defendant in the Municipal Court action, could have interposed its answer with all available defenses in the Municipal Court action. This it failed to do. See *Wille* v. *Maier* (256 N. Y. 465, 470) wherein it was stated: " It is settled law in this State that ' A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first.' " (See, also, *Hellstern* v. *Hellstern,* 279 N. Y. 327, 332, 333; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, and *Krekeler* v. *Ritter,* 62 N. Y. 372.)

It must therefore follow that the judgment in the Municipal Court is binding on the parties as the two causes of action have a measure of identity and the judgment in the present action would destroy or impair the rights or interest established by the first.

The foregoing disposition renders unnecessary a discussion of the remaining points, and defendant's motion for summary judgment dismissing the plaintiff's complaint is accordingly granted.