SANFORD S. LEWIS et al., Respondents, v. SIDNEY E. ALPER, Appellant. — The defendant is an attorney who was engaged by plaintiffs to create a corporation. Through oversight defendant delayed for about a year, or until December 5, 1956, the filing of a proper certificate of incorporation. On December 9, 1955, the plaintiffs who, as partners, had theretofore conducted a business in certain premises in Yonkers, caused execution of a lease of the premises by the corporation, not then in existence. After the corporation did come into existence by the filing of the certificate on December 5, 1956, a breach of the lease occurred, in that plaintiffs caused the premises to be vacated before expiration of the three-year term and in that the rent which became due under the lease was not paid. Similarly involved was another lease of a smaller portion of the premises. The landlord thereupon brought an action in the County Court against plaintiffs as individuals. Plaintiffs settled that action by the payment of $5,000. In this action plaintiffs seek judgment against defendant for the amount of their settlement plus their attorney's fee. It was error to have excluded the complaint and transcript of testimony in the County Court action by the landlord. They serve to show that such action was based in part on the theory that the individual plaintiffs here were liable because they had made an inducing representation that partnership assets belonged to the corporation.

The belated filing of the incorporation certificate had nothing to do with that theory of recovery, nor with the landlord's demand for damages of over $2,000 against the plaintiffs as individuals for the destruction they had wrought in the demised premises. The filing delay would not, in itself, warrant recovery by the landlord; the landlord had lost nothing by such delay. Nor is there any proof that the settlement was a reasonable one. The sum of $5,000 was sufficient to pay all rents from time of breach to time of settlement. It also appears without dispute: (1) that plaintiffs, in their answer in said County Court action, had, in effect, admitted that, as of the date of the execution of the major lease — December 9, 1955 — they knew that the corporation was not then in existence; and (2) that liability under the leases had already accrued before the corporation came into being. In the light of the foregoing the proof is clearly insufficient to warrant a determination that the settlement money properly represented a loss attributable to the delay in filing of the incorporation certificate; and, in any event, the entire proof of plaintiffs' damage is speculative. Ughetta, Acting P. J., Christ and Rabin, JJ., concur; Brennan, J., concurs on the ground that plaintiffs' damages were not caused by the defendant's delay in the formation of the corporation. Hopkins, J., concurs in the reversal of the judgment, but dissents as to the dismissal of the complaint, and votes to grant a new trial, with the following memorandum: The negligence of the defendant is established. The sole question remaining is whether the plaintiffs, by reason of such negligence, suffered provable damages, i.e., the difference in the plaintiffs' pecuniary position from what it should have been had the defendant acted without negligence (*Flynn* v. *Judge*, 149 App. Div. 278, 280). Hence, it was necessary that the pleadings and transcript of testimony in the landlord's action should be received in evidence. Evidence of payment under a settlement may under certain circumstances be admitted as a proper element of damage (*Wille* v. *Maier*, 256 N. Y. 465), since an injured party has the duty of mitigating damages (*9th Ave. & 42nd St. Corp.* v. *Zimmerman*, 217 App. Div. 498). In an action based on negligence " Several acts may occur to produce a result, one or more being the proximate cause " (*Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345, 349). Proximate cause presents a question of fact for the trier of the fact, where varying inferences may be drawn (*Lopez* v. *City of New York*, 4 A D 2d 48, 52, affd. 4 N Y 2d 738). Consequently, a new trial is necessary.