Milton Albert, J.
Claimant alleges that he was injured as the result of the defendant’s negligence while claimant was using a chair lift at the Belleayre Mountain Ski Center. The claim has been placed upon the calendar of the Albany District for trial in such district (Rules of the Court of Claims, rule 2; 22 NYCRR 1200.2).
The claimant has moved to take the deposition before trial of a witness on the ground that the witness resides at a distance over 100 miles from the place of trial.
The witness, alleged to be an eyewitness and hence potentially a most crucial witness, resides in Flushing, New York, well over 100 miles from Albany. Thus, it would appear that the requirements of CPLR 3101 (subd. [a], par. [3]) have been met. The use of a deposition upon the trial, however, presents many problems. (See Discovery: Use of Part of Deposition, N. Y. L. J., Feb. 4, 1971, p. 4, col. 4.) The lack of personal appearance of the witness, potentially as crucial as the one with whom this motion is concerned, would deprive the Trial Judge of the opportunity to observe such witness’ demeanor and his method of answering and also would deny to the Trial Judge the opportunity to question such witness and thus to form a well-grounded opinion as to the weight to be accorded the testimony of such witness.
For such reasons, because of the potentially crucial role which the testimony of such witness might play in the decision which the Trial Judge will have to make, for the orderly conduct of the trial and fully to enable the Trial Judge to do justice, the court in its discretion, denies the motion to take the deposition of the witness Dr. Janusz E. Bartos (Kaufman v. State of New York, 286 App. Div. 912). The testimony of the witness is available at the trial by way of a subpoena (CPLR 2302 et seq).