OPINION OF THE COURT
Howard Miller, J.
Plaintiff moves in limine for the admission into evidence on the trial of this malpractice action the entire transcript of the trial of plaintiff’s negligence action against the State of New York in the Court of Claims, upon which this malpractice claim is based, as well as the transcript of the trial of plaintiff’s negligence action against other defendants in the Supreme Court.
The Court of Claims action stemmed from an accident in which plaintiff, a passenger in a van, was involved in a head-on collision with a motor vehicle driven by Joaquin Torres. Plaintiff also sued Torres, Raylon Textiles (the owner of the Torres’ vehicle) and a contractor (who had done repaving work on the road surface prior to the accident), in State Supreme Court.
At the conclusion of the Court of Claims trial, and prior to the decision of the Court of Claims Judge, the plaintiff, allegedly upon advice of his attorneys, discontinued his action against the State of New York with prejudice. Plaintiff thereafter proceeded in the State Supreme Court action, which resulted in a jury verdict on liability against the Torres’ vehicle only.
CPLR 4517 governs introduction of prior trial testimony and permits introduction of the testimony of unavailable witnesses, with all exhibits and documents introduced in connection with it, upon any trial of the same subject matter, in the same or another action between the same parties, subject to any objection other than hearsay. Although there must be substantial identity between the parties to the first action and *404 those in the succeeding action, testimony in a prior action involving plaintiff and third parties may be admissible when it is relevant to determining the liability of the defendant in the case at bar (Lewis v Alper, 15 AD2d 795).
While admission of an entire trial transcript has been sanctioned in other jurisdictions, the admission in those cases was not for the purpose of establishing the truth of the matters stated, but to establish what evidence was offered at the prior trial (Walker v Bangs, 92 Wash 2d 854) on the issue of the attorney’s liability at the malpractice trial (Cook v Continental Cas. Co., 180 Wis 2d 237, 509 NW2d 100; Woodruff v Tomlin, 423 F Supp 1284 [transcript admitted by agreement]; McLellan v Fuller, 220 Mass 494, 108 NE 180).
Defendants having placed on the record a judicial admission of a departure from the standard of care in the conduct of the Court of Claims trial, the cases cited by plaintiff are inapplicable to the case at bar. Given defendants’ acknowledgment of a deviation, it is unnecessary for the jury to examine the entire underlying trial transcript to establish the departure. In this posture, the only remaining purpose for admitting the transcript would be to establish the truth of the matters stated therein. For admission for that purpose, the requirements of CPLR 4517 must be met (see, e.g., Peasley v State of New York, 102 Misc 2d 982). No foundation having been laid for introduction of the entire trial transcript under CPLR 4517, the application is denied.
While the entire transcript will not be admitted into evidence, there can be no dispute, and indeed counsel have acknowledged, that the testimony of the parties, and conceivably other witnesses, in that prior trial may be admissible under CPLR 4517 upon proper foundation and absent sustainable objection.
As to the witnesses whose testimony does not meet the requirements of CPLR 4517, it has long been acknowledged that the quality of transcript testimony is inferior to a personal appearance before the trier of fact. In this case, the jury is entitled to the same opportunity to observe the witnesses’ demeanor and their method of answering in order to form a "well-grounded opinion as to the weight to accord their testimony” (Fowler v Manahan, 100 AD2d 860, citing Winter v State of New York, 65 Misc 2d 587) as was afforded the Court of Claims trier of fact.
It is axiomatic that the State of New York, which was *405 not a party to the Supreme Court action, was not bound by any testimony given therein (Riedel Glass Works v Indemnity Ins. Co., 261 App Div 886, mot denied 261 App Div 956, lv denied 261 App Div 956), nor does that testimony fall within the parameters of CPLR 4517. Thus admittance of the Supreme Court transcript is likewise denied.