JAMES C. McLELLAN *vs.* SAMUEL A. FULLER.

Middlesex.    January 19, 1915. — March 11, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Attorney at Law,* Liability for negligence.    *Negligence,* Of attorney at law, Employer's liability.    *Evidence,* Deposition.    *Practice, Civil,* Exceptions, Deposition, Conduct of trial: judge's charge, Exceptions.

If, at the trial of an action against an attorney at law for damages alleged to have resulted from the defendant's negligence in conducting and trying an action for the enforcement of a claim of the plaintiff against his employer under the

employers' liability act, to prosecute which the plaintiff had employed the defendant, there is evidence that there was at the trial of that action evidence available to the attorney at law upon which a finding would have been warranted that, if the proper statutory notice had been given, the employer was liable, that the attorney was unable to prove the giving of the statutory notice either because he had failed to see that it was given or because, if it was given, he had failed to preserve and perpetuate evidence of its having been given, so that in the former action a verdict was ordered for the employer, a verdict cannot be ordered for the attorney in the present action and a verdict for the plaintiff is warranted.

A defendant is not entitled, by reason of an exception to a refusal of a request to have a verdict ordered in his favor, to have determined and adjudicated by this court the accuracy and legal effect of certain statements of fact made by the judge in his charge to the jury, alleged by the defendant to be inaccurate, especially where he failed to call the judge's attention to the alleged inaccuracies at the close of the charge.

A deposition of a witness in an action at law, taken upon oral interrogatories on the ground that the witness was about to go out of the Commonwealth not to return in time for the trial, if it otherwise is admissible as evidence, is not inadmissible merely by reason of the fact that the notice that it was to be taken, given by the justice of the peace before whom it was to be taken to the party objecting to its admission, misspelled that party's name, if the notice was delivered to the right person and he attended with his counsel at the taking of the deposition and participated therein; and it is immaterial that, upon discovering the misspelling of the name, a second notice was given which, if it had been the only notice, would have been too late to satisfy the requirements of R. L. c. 175, § 29.

An error, at the trial of an action against an attorney at law for alleged negligence in conducting the trial of an action by the plaintiff against the plaintiff's employer, in the exclusion of a deposition of a witness offered by the defendant is prejudicial if it appears that the testimony given by the witness in the deposition materially and substantially differs from that given by him at the trial of the previous action and, if believed, would show that in that action justice would have been done only if, irrespective of the way in which the attorney conducted the plaintiff's case, a verdict had been found for the plaintiff's employer, who was the defendant in that case.

TORT against an attorney at law for damages alleged to have resulted from negligence on his part in conducting and trying of an action by the plaintiff against the Moore Spinning Company under the employers' liability act. Writ dated February 17, 1908.

In the Superior Court the case was tried before *McLaughlin,* J. There was evidence that the plaintiff was injured on March 29, 1905, while in the employ of the Moore Spinning Company, that shortly thereafter he consulted the defendant and placed in his hands a claim against his employer for damages resulting from his injury, and that the defendant then informed him that

he had a good cause of action. The evidence available to the defendant as attorney for the plaintiff at the trial of his action against his employer is described in the opinion.

Just before the close of the plaintiff's evidence in the action against his employer, the present defendant in writing requested the attorney for the employer to produce the employer's statutory notice. The employer's attorney denied that the employer had received any notice. The present defendant then made the following statement to the presiding judge: "In regard to the notice here, we don't find any copy of any notice among our papers. We keep our notices separate, and I telephoned to the office for it and I have sent my girl over and she has telephoned that she hasn't found any yet. We have changed our office. Since moving my office the papers have got mixed up there. Some papers have got out of place and the notices are put in one place or supposed to be. The girl has telephoned that she hasn't found it yet in the envelope with the number on it and with the correspondence that ought to be there. She hasn't found it yet. I can make a motion for a new trial."

Thereupon the presiding judge ordered a verdict for the defendant, making the following statement to the jury: "In this class of cases, namely, cases under the employers' liability act, a notice is required to be given by the person injured to the employer, the defendant, within sixty days. Mr. Fuller states to me that he is unable to prove that notice. There is nothing that can be done except to direct you to return a verdict for the defendant. I am sorry to have the case end in that way, but there is nothing that can be done except to direct you as I am doing. You will accordingly return a verdict for the defendant."

At the trial of the present action, the defendant "testified that he was familiar with cases of this kind and knew that a notice was a condition precedent to recovery therein; and that he drew the declaration with care; that his brother, William J. Fuller, who had been associated with the him for several years before his death, had told the defendant that he went to North Chelmsford and served a notice on the Moore Spinning Company within the time required for serving such notices; but that his brother shortly before the trial of the case against the Moore Spinning Company had died suddenly and that the defendant was unable

to say whether the paper purporting to be the notice of the time, place and cause of the injury to the plaintiff was the notice served upon the Moore Spinning Company; that at the time of the trial of the case he was unable to identify the notice as the one served upon the defendant. The defendant further testified that on returning to his office on the day of the trial he talked with one Mr. Dewey, who was at that time in his office and through him expected to prove or identify the notice, and made a motion for a new trial but, on finding that it was impossible to identify the notice as the one served upon the defendant, the motion was not presented for hearing; that the defendant made a demand on the counsel for the Moore Spinning Company to produce all papers in his possession or in the possession of the insurance company who insured the Moore Spinning Company for the purpose of finding some evidence of the service of the notice on the Moore Spinning Company, but that there was no notice found in the papers.

The circumstances of the exclusion, subject to an exception by the defendant, of the deposition of the witness Bean are described in the opinion.

At the close of the evidence the defendant asked for the following rulings:

"1. There is not sufficient evidence to justify a verdict for the plaintiff.

"2. If the jury find that the plaintiff at the former trial could have proved that the statutory notice had been given except for the fact of the death of the brother of the attorney for the plaintiff, the jury must return a verdict for the defendant unless they find that the defendant in this case was negligent in not anticipating and providing against the death of his brother.

"3. If the jury find that it was a rule for the employees of the Moore Spinning Company that warning should be given to all employees at work on the machine before starting the machine and it was the custom to give such warning, and if they find that no warning was given by the Lavalle girl or, if given, was given in such a low tone that it was impossible for the plaintiff to have heard it, the plaintiff cannot recover.

"4. If the jury find that Ogley did give the order to start the machine up and it was the ordinary and usual custom for the girl when she did start the machine to call out in a tone loud enough

to be heard by every employee at work on the machine, and if she did not give such warning, the plaintiff cannot recover.

"5. Upon the evidence the jury must find that it was customary on starting the machine upon which the plaintiff was hurt, that the girl was to call out sufficiently loud as a warning for the operatives to hear, including the plaintiff."

"7. It was not the duty of the defendant to hunt up the plaintiff's witnesses or personally see to it that they were in court.

"8. It was the duty of the plaintiff or his father to have such witnesses in court as they knew or might have known were material in the proving of the plaintiff's case, or such witnesses as this defendant notified them to have present in court.

"9. If the plaintiff or his father knew that Harry Dolan was a material witness and did not have him present at the trial of the plaintiff's case against the Moore Spinning Company, the plaintiff is not entitled to his testimony at this trial and the jury is ordered to disregard his testimony.

"10. There is no evidence that the defendant in this case was any way at fault in failing to have the witness Dolan present at the trial of the case of the plaintiff against the Moore Spinning Company.

"11. There was evidence that the Lavalle girl knew that the machine was being changed over and if she knew that fact it was negligence on her part for which this defendant would not be responsible if she started the machine without giving proper and reasonable warning to the plaintiff of her intention so to do.

"12. The approximate cause of the plaintiff's injury was the starting of the machine without giving the usual and proper notice, and if it was the custom and method of starting the machine to first 'holler' loud enough to notify all working on the machine that it was to start and that there was nothing in Ogley's order (if he did order the girl to start the machine), that would naturally indicate that the machine was to be started without first calling out loud enough to notify all working on the machine, then there was no negligence on the part of Ogley for which this defendant would be responsible and your verdict must be for the defendant.

"13. If the Lavalle girl did receive orders from Ogley to start the machine and she understood that she was to start the machine

in the usual way, which was to call out before starting, and failed to call out loud enough so that the girls within a few feet of her could have heard her and there was no greater noise than usual at the time she called under like conditions at other times when she could be heard, it was her own fault, for which this defendant would not be responsible, and the jury must find for the defendant.

"14. If it was the usual and recognized way when starting the machine to call out 'look out' or other words to that effect so that those about the machine and working thereon could protect themselves when the machine was started up, and if the girl started the machine and failed to take the precautions usual, which was to call out in a loud voice, even though she had been instructed to start up the machine, and by reason of her failure to call out the McLellan boy was not notified so that he might protect himself, the defendant in this case would not be liable for her negligence and the verdict must be for the defendant."

The jury found for the plaintiff in the sum of $2,500; and the defendant alleged exceptions.

*R. Homans,* for the defendant.

*R. W. Gloag,* for the plaintiff.

Pierce, J. The jury rightly might have found that at the first trial there was available to the defendant, Fuller, as attorney for the plaintiff, the testimony of Delia Lavalle, of Addie Puffer, of Margaret Frances Bean and of the plaintiff; that their testimony, if believed, established that the plaintiff was in the employ of the Moore Spinning Company; that one Ogley was an overseer exercising the duties of a superintendent; that the duty of the plaintiff required him to obey the reasonable orders of the overseer; that on March 29, 1905, he was directed by that officer to change over the gears on one of the spinning frames; that for that purpose the machine was stopped; that on receiving the order he took the gears to the end of the machine nearest the wall to adjust them to the spinning frame; that while he was thus engaged, with mind intent on his work, the machine started up without warning, or without any person's giving actual notice to him that it was to start; that he then received injuries; that the overseer, while standing by the side of the machine and observing the situation of the plaintiff, had ordered it to be started up; that there was a

rule of the mill that before starting a machine at rest for repairs notice should be given to those working on it; that notice was not given by the person directed to start the machine; and that when the overseer gave the order for starting up he knew the rule was not obeyed by the starter and also knew that the plaintiff was in a situation of danger against which without warning he could not guard or protect himself and at the same time do the allotted work.

Under such conditions the jury would have been justified in finding that the plaintiff was in the exercise of due care and that the defendant company was negligent. *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532. They might have found that the defendant Fuller was negligent in not putting before the jury at the first trial the testimony of the plaintiff; they also might have found him negligent in not giving the statutory notice, or, if they found that such notice was given, that he was negligent in not perpetuating testimony adequate to prove its service when proof thereof was required at the trial.

The rights of the defendant upon either hypothesis were carefully guarded in the judge's charge.

The defendant's first request, that "There is not sufficient evidence to justify a verdict for the plaintiff," for reasons stated could not have been given. The second request could not have been given because the question of the defendant's neglect to anticipate and provide against the death of his brother was not necessarily the only factor in the determination of the question of his due care. He might have been without fault in that regard and lacking in due care in other respects.

As the jury could have found the overseer superintendent negligent, the defence set up in the remaining requests is not open, — that a fellow servant was negligent, or that without the concurring fault of a fellow servant the accident would not have happened. *Myers* v. *Hudson Iron Co.* 150 Mass. 125, 137. It follows that the judge rightly refused to give them.

The defendant in his brief states that the judge in his charge made assertions of fact not justified by testimony or agreement of parties, and argues that he is entitled as matter of law, because of his general request that a verdict be directed for the defendant, to have the accuracy of the statements determined and their

legal effect adjudicated by this court, notwithstanding his omission to direct the attention of the trial judge specifically to his complaint or to allege exceptions. This is not the rule of law. *Horrigan* v. *Clarksburg*, 150 Mass. 218. And the facts do not create a right within the exceptions to the rule as indicated in such cases as *Brightman* v. *Eddy*, 97 Mass. 478, 481, *Slater* v. *Rawson*, 1 Met. 450, *Lyon* v. *Prouty*, 154 Mass. 488.

The defendant offered the deposition of Margaret Frances Bean, after having read to the jury the testimony given by this witness at the first trial. In that testimony, in connection with other statements not in conflict therewith, she said that at the moment of the accident she saw the overseer, Ogley, coming up the alley toward the place where the plaintiff was hurt. She made no statement as to who gave the order to start the machine, nor, except inferentially, as to Ogley's whereabouts at a time immediately preceding the accident. In her deposition she stated that she did not hear any one direct the machine to be started up, or call out that it was to be started; that she was beside the plaintiff and "in a position where she could have heard any one if they had hollered before starting up the machine."

She further deposed that she knew Ogley and did not hear him give any directions to any one to start the machine, and did not see him at the front of the machine.

This testimony contained in the deposition was of the greatest importance in that the jury, believing it, might accept it as a complete refutation of the charge that the overseer knowing the situation of the plaintiff ordered the machine to be started up without giving the customary warning.

A careful comparison of the testimony given at the trial with that set out in the proffered deposition shows the last to be more than merely corroborative of the first, and it should have been admitted in testimony unless rightly excluded on other grounds than that it was merely corroborative.

The facts in connection with the taking of this deposition show that on November 15, 1912, the defendant Fuller applied to Harold A. Varnum, justice of the peace, to take the deposition of Margaret Bean (Margaret Frances Bean) about to go out of the Commonwealth and not to return in time for the trial; that the justice issued a notice, in the form directed, to James C. McClellan;

that this notice was duly and seasonably served in hand; that after service the officer found that the name of the defendant James C. McLellan, had been spelled in the notice McClellan rather than McLellan; that he notified counsel of the fact and thereafter on the same day the same justice of the peace issued another notice which was directed to James C. McLellan; that this last notice was left, but not seasonably, at the last and usual place of abode of the defendant; that on the next day, at the time and place appointed, the place being the office of the justice, all parties attended and participated in the taking of the deposition; that before the deposition was taken the plaintiff stated that he objected "for want of sufficient notice, in that the statutory allowance of time did not intervene between the giving of the notice and the time stated in the notice for the taking of the deposition; because of its being heard on Saturday and because of its being begun after four o'clock on Saturday afternoon." By an agreement "all informalities in form or manner of taking same" were waived except as above set out.

The original service was entirely good; the notice was delivered in hand to the defendant, and more than the statutory time intervened between the time of giving the notice and the time stated in the notice for the taking of the deposition; the fact that the officer, from an over abundance of caution, procured a new notice to issue did not make invalid the original service. All parties attended the hearing and an inspection of the deposition shows that they were fully heard. The objection taken to the taking of the deposition went to the limit of technical defence and should not be favored.

The exception to the refusal to admit in evidence the deposition must be sustained; all the others are overruled.

*So ordered.*