[No. 44936. En Banc. November 1, 1979.]

EDDIE R. WALKER, *Appellant,* v. GERALD BANGS,
ET AL, *Respondents.*

*John Goldmark* and *David J. Danelski* (of *Schroeter, Goldmark & Bender*), for appellant.

*McMullen, Brooke, Knapp & Alexander,* by *E. H. Knapp, Jr.,* for respondents.

HICKS, J.—This case involves allegations of negligence against attorneys Bangs and Castle in their handling of plaintiff Walker's personal injury action in federal court. Bangs and Castle counterclaimed for funds advanced Walker in the personal injury action. In the course of the malpractice trial in the King County Superior Court, plaintiff offered as an expert witness a lawyer not admitted to practice in this state. The trial court sustained defendants' objection to the qualification of the witness and rejected plaintiff's offer of proof of proposed testimony. Plaintiff's subsequent motion for a mistrial was denied and thereafter defendants' motion to dismiss for failure to prove negligence was granted. We accepted direct review pursuant to RAP 4.2. We reverse the trial court.

Walker alleges defendants negligently prepared and conducted his personal injury action in federal court, Western District of Washington, within the supervision of the Ninth Circuit Court of Appeals. The case involved injuries sustained by Walker in the course of his employment as a longshoreman while loading a ship at Aberdeen. Bangs and Castle represented Walker in his third–party action against the ship, alleging unseaworthiness for failure to provide a safe method of loading cargo. The case was tried to the court sitting without a jury in May of 1972. The federal trial judge found for the ship on the issue of liability and dismissed the action.

October 1973, plaintiff brought the instant malpractice action alleging defendants were professionally negligent in a number of respects. To establish liability, plaintiff originally intended to call as an expert witness an experienced

trial lawyer from Portland, Oregon. Within a week or 10 days of the scheduled trial date, however, plaintiff's attorney was informed that the intended expert would not appear. Plaintiff's motion for a continuance of the trial date was, in effect, denied.

With little time remaining to obtain another expert witness, attorney Allan Brotsky, a graduate of Columbia University Law School, was brought to plaintiff's attention. As a member of the New York and California bars and of the Association of Trial Lawyers of America, Brotsky practices before the San Francisco Federal District Court and the Ninth Circuit Court of Appeals. He has been engaged in trial practice in San Francisco since 1947, specializing in personal injury litigation, and he has tried maritime personal injury cases similar to plaintiff's in federal district court. For the past 15 years he has been involved in teaching trial practice, and at the time plaintiff sought his assistance, he was serving as a visiting professor at the University of Puget Sound School of Law.

Brotsky is not admitted to practice law in the state of Washington. When plaintiff offered him as an expert witness, defendants objected on the ground that he was not admitted to practice in this state:

> a person who is not licensed to try, would not be allowed to try a lawsuit in this state, has never tried a lawsuit in this state, has never seen a lawsuit tried to completion in this state cannot qualify as an expert.

The trial court sustained defendants' objection and refused to allow Brotsky to testify:

> I think my ruling must be . . . that this witness does not qualify technically as an expert witness in the context in which he is offered.
>
> As I say, he has all kinds of rather impressive credentials. But as I address myself to what seems to be the very center of this question, the traditional view of a legal expert, . . . although this was a case presented in federal court, that reference must be made to state substantive law, . . . that this witness is not a member of this bar, which means he has not been tested and found

to be bearing the minimum legal knowledge which the public insists that an individual have before he takes upon himself the responsibility of carrying a matter to trial on behalf of a client . . .

The court rejected plaintiff's offer of proof of the substance of Brotsky's proposed testimony. Plaintiff continued to present a "skeletal" case and on the following day moved for a mistrial, claiming the exclusion of his expert made it impossible for him to proceed. This motion was denied. The trial court granted defendants' motion for dismissal with prejudice because plaintiff failed to prove negligence.

The weekend intervened, and on Monday plaintiff moved to reopen the evidence to admit a partial transcript of the federal court case. Defendants objected on the grounds that the motion was untimely and the request for a partial transcript was piecemeal. The trial court refused to admit the partial transcript.

The case proceeded on defendants' counterclaim for funds advanced Walker in the federal district court action. The jury returned a verdict for defendants in the sum of $573.10. A judgment was entered on this verdict from which no appeal has been taken. On appeal, error was assigned to: (1) the trial court's refusal to admit Brotsky's testimony, "the only expert . . . then available"; and (2) the trial court's refusal to admit into evidence the transcript of the trial in federal district court proffered by plaintiff.

### QUALIFICATION OF OUT–OF–STATE EXPERT WITNESS

We perceive the principal issue to be whether admission to practice law in this state is a mandatory threshold qualification for one who proposes to testify as an expert on the standard of care applicable to attorneys litigating a maritime personal injury claim in a federal district court situated in this state. We conclude that it is not.

Law is admittedly a highly technical field beyond the knowledge of the ordinary person. *Lynch v. Republic Pub. Co.,* 40 Wn.2d 379, 389, 243 P.2d 636 (1952). By its very

nature, an action for professional negligence in the preparation and conduct of specific litigation involves matters calling for special skill or knowledge—proper subjects for expert testimony. *See Lynch v. Republic Pub. Co., supra. See also* ER 702. A few courts have held that expert testimony on the standard of care is *mandatory* to establish a prima facie case of legal malpractice. *See, e.g., Dorf v. Relles,* 355 F.2d 488 (7th Cir. 1966); *Walters v. Hastings,* 84 N.M. 101, 500 P.2d 186 (1972); *Baker v. Beal,* 225 N.W.2d 106 (Iowa 1975). The general rule is to permit but not require expert testimony. *See Admissibility And Necessity Of Expert Evidence As To Standards Of Practice And Negligence In Malpractice Action Against Attorney,* Annot., 17 A.L.R.3d 1442 (1968).

 This case involves allegations of negligence pertaining to trial tactics and procedure, matters frequently difficult to prove. *See* R. Mallen & V. Levit, *Legal Malpractice* § 345 (1977). Further, the case involves a maritime claim, a special area of practice. While expert testimony is not necessary when the negligence charged is within the common knowledge of lay persons, we believe that expert testimony was both proper and necessary in this instance.

The qualifications of an expert witness to testify on a particular subject are determined by the trial court within its sound discretion. *Wilson v. Wright,* 52 Wn.2d 805, 812, 329 P.2d 461 (1958). If the reasons for admitting or excluding the opinion evidence are "fairly debatable", the trial court's exercise of discretion will not be reversed on appeal. *Hill v. C. & E. Constr. Co.,* 59 Wn.2d 743, 746, 370 P.2d 255 (1962). Under the conclusion we reach herein, the reason for excluding the proffered testimony of Allan Brotsky is not "fairly debatable".

 After reviewing the record and the trial court's ruling on the qualifications of Brotsky, we find the stated basis for the rejection of the proffered testimony to be the fact that he was not admitted to the Washington bar. We hold that a lawyer not admitted to the Washington bar is

not, per se, unqualified as an expert witness in a legal malpractice action in this state. In the instant case, the fact that Allan Brotsky is not licensed to practice in this state should go to the weight, not the admissibility of his testimony, assuming he is otherwise qualified.

The standard to which a lawyer is held in the performance of professional services is "that degree of care, skill, diligence and knowledge commonly possessed and exercised by a reasonable, careful and prudent lawyer in the practice of law in this jurisdiction." *Cook, Flanagan & Berst v. Clausing,* 73 Wn.2d 393, 395, 438 P.2d 865 (1968), citing *Hodges v. Carter,* 239 N.C. 517, 80 S.E.2d 144, 45 A.L.R.2d 1 (1954) and *Theobald v. Byers,* 193 Cal. App. 2d 147, 13 Cal. Rptr. 864, 87 A.L.R.2d 986 (1961). If the geographical parameters of the standard of care are limited to "the practice of law in this jurisdiction", defendants argue this in turn limits the geographical area from which expert testimony may be produced. We do not find this persuasive in the instant circumstances.

The matter which Bangs and Castle litigated for Walker in a federal district court was a federally created cause of action. *Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 90 L. Ed. 1099, 66 S. Ct. 872 (1946). The substantive rules of maritime law apply to the action. *Scudero v. Todd Shipyards Corp.,* 63 Wn.2d 46, 385 P.2d 551 (1963). The trial was governed by federal rules of procedure and evidence. *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 98 L. Ed. 143, 74 S. Ct. 202 (1953). At the time this case was tried, a shipowner owed a longshoreman working aboard ship a nondelegable duty to provide a safe place to work, including a safe method of loading.[1] *See Vogel v. Alaska S.S. Co.,*

---

[1] For a historical discussion of the doctrine of unseaworthiness, *see Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 4 L. Ed. 2d 941, 80 S. Ct. 926 (1960). Under 1972 amendments to the Longshoremen's and Harborworkers' Compensation Act, an injured maritime worker covered under the act may no longer sue the shipowner under the unseaworthiness doctrine although he may bring an action against the shipowner ("the vessel") for negligence. 33 U.S.C. § 905(b). Pub. L.

69 Wn.2d 497, 419 P.2d 141 (1966). This obligation of sea-worthiness applied even if the stevedore company provided the equipment with which the longshoreman was working in loading the ship. *Alaska S.S. Co. v. Petterson,* 347 U.S. 396, 98 L. Ed. 798, 74 S. Ct. 601 (1954).

Bangs admitted by affidavit that he was a "specialist" in trial work. He testified that a majority of his cases were personal injury actions, including at least 20 maritime cases involving longshoremen, similar to the action with which we are here concerned. Generally, one who holds himself out as specializing and as possessing greater than ordinary knowledge and skill in a particular field, will be held to the standard of performance of those who hold themselves out as specialists in that area. Restatement (Second) of Torts § 299A, comment *d* (1965).

The narrow question before us pertains to the qualification of an expert to testify in this case. We do not address plaintiff's suggestion that there should be a national standard of practice for trial specialists. Evaluating Brotsky's credentials and the nature of the underlying trial, we believe he was qualified to testify as an expert regarding the applicable standard of care in the preparation and conduct of Walker's case in federal district court. Brotsky's personal participation in trials in a federal district court of the Ninth Circuit in litigation concerning similar maritime personal injury cases would seem to meet the necessary experiential requirements for qualification as an expert witness in this case, and the exclusion of his testimony was error.

■ Finally, defendants assert that plaintiff made an inadequate offer of proof. The purpose of an offer of proof is to (1) inform the court of the legal theory under which offered evidence is admissible; (2) inform the trial judge of the specific nature of admissibility; and (3) create a record for review. *Mad River Orchard Co. v. Krack Corp.,* 89

---

No. 92–576, 86 Stat. 1251, at 1263 (1972) (amending 33 U.S.C. §§ 901–950 (1970)). The amendments became effective on November 27, 1972.

Wn.2d 535, 573 P.2d 796 (1978). We find the offer of proof sufficient to meet this threefold test. The proffered evidence was in the form of questions and answers, addressed to the issues of degree of care and causation by means of a hypothetical question. Defendants fail to identify specific inadequacies. Their objections are more appropriately addressed to the weight to be accorded the opinions expressed therein.

### TRANSCRIPT OF THE ORIGINAL TRIAL IN FEDERAL DISTRICT COURT

■ Because this case is being remanded for a new trial, we address the issue of the admissibility of the transcript of the underlying trial in federal court. In a legal malpractice action alleging negligence in the conduct of litigation, the record of proceedings from that underlying trial may be the best evidence of the events that transpired. *See* R. Mallen v. V. Levit, *Legal Malpractice* § 429 (1977). Defendants objected in this case that the report of proceedings was properly excludable as hearsay. We are satisfied that the proffered transcript of proceedings of the federal trial is not excludable as hearsay because it was not offered to establish the truth of the matter contained in the record, but rather to establish what evidence was produced in court. In any event, the transcript of proceedings would be admissible as an exception to the exclusionary rule because of its high degree of trustworthiness which follows from its manner of production. *See State v. Bailey,* 71 Wn.2d 191, 196, 426 P.2d 988 (1967).

Other courts have admitted the transcript of the original action into evidence on the issue of liability at the malpractice trial. *See, e.g., Woodruff v. Tomlin,* 423 F. Supp. 1284, 1287 (W.D. Tenn. 1976); *McLellan v. Fuller,* 220 Mass. 494, 108 N.E. 180 (1915). *See also* Barry, *Legal Malpractice in Massachusetts,* 63 Mass. L. Rev. 15, 18 n.34 (1978). In *Woodruff,* the entire transcript of the underlying trial was read to the jury in the malpractice action.

It should be noted that plaintiff offered only a partial transcript of the proceedings in federal district court, excising the testimony of two witnesses. We are of the view that the report of the underlying trial would be admissible in its entirety. ER 106. Plaintiff argues that the excluded portions "were prejudicially unfair . . . since they reflected the negligence of his then counsel." The trial court, of course, has discretion to exclude evidence otherwise admissible, if its prejudicial nature outweighs its probative quality. *Goodell v. ITT–Federal Support Servs., Inc.*, 89 Wn.2d 488, 493, 573 P.2d 1292 (1978); ER 403. Because the alleged negligence of Walker's counsel in the conduct of the federal trial is the very issue litigated in the malpractice action, the circumstances do not appear compelling for the exercise of such discretion.

Reversed and remanded for proceedings consistent herewith.

UTTER, C.J., and ROSELLINI, STAFFORD, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, and WILLIAMS, JJ., concur.