[No. 21231-1-I.   Division One.   August 21, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. FREDERICK
WARD, *Appellant.*

*Julie A. Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Fred Yeatts, Deputy,* for respondent.

SWANSON, J.—The defendant, Frederick Ward, appeals the trial court's ruling excluding expert testimony on eyewitness identification. We affirm.

Between December 14 and December 22, 1986, a series of four robberies was committed at hotels in the Seattle area. During each robbery, the night clerk at each hotel was able to observe the robber from a distance of 2 to 3 feet. One of the clerks, who witnessed two of the robberies, identified Ward in a police photo montage presented to him on January 16, 1987. The other two clerks identified Ward in a police lineup conducted January 27, 1987.

By amended information filed February 10, 1987, Ward was charged with four counts of robbery in the first degree. In a pretrial ruling the trial judge denied Ward's motion to admit the testimony of Dr. Jane Goodman, an expert on eyewitness identification. Jury trial commenced on May 29, 1987, before Judge Carroll; however, the jury was unable to reach a verdict and a mistrial was declared.

On August 27, 1987, the case went to trial before King County Superior Court Judge Sullivan who adopted all of Judge Carroll's pretrial rulings. At the conclusion of the second trial, the jury found Ward guilty as charged. This appeal timely followed.

### EXPERT TESTIMONY ON EYEWITNESS IDENTIFICATION

The primary issue on appeal is whether the trial court abused its discretion by excluding the expert testimony of Dr. Goodman on the fallibility of eyewitness identification. Ward contends that the trial court abused its discretion by

excluding Dr. Goodman's testimony because all three factors established by *State v. Moon*,[1] 45 Wn. App. 692, 697, 726 P.2d 1263 (1986), are satisfied; therefore, it was error to exclude such testimony. We do not agree that a mechanistic application of these factors is the appropriate method of analyzing whether a trial court has abused its discretion in excluding expert testimony on eyewitness identification.

■ While the specific issue of admissibility of expert testimony on eyewitness identification has been addressed on numerous occasions by the appellate courts of this state, the decisions of our appellate courts have consistently found the refusal to admit such testimony to be within the discretion of the trial court. *State v. Coe,* 109 Wn.2d 832, 843, 750 P.2d 208 (1988).[2] ER 702 governs the admission of expert testimony:

> If scientific, technical, or other specialized knowledge will *assist the trier of fact to understand the evidence or to determine a fact in issue,* a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

(Italics ours.) Admissibility under this rule depends upon "'whether (1) the witness qualifies as an expert, (2) the opinion is based upon an explanatory theory generally accepted in the scientific community, and (3) the expert testimony would be helpful to the trier of fact.'" *State v. Moon,* 45 Wn. App. 692, 696, 726 P.2d 1263 (1986) (quoting *State v. Allery,* 101 Wn.2d 591, 596, 682 P.2d 312 (1984)). In applying these factors, consideration must be given to the underlying purpose of expert testimony: "to assist the finder of fact in understanding the evidence and determining a fact in issue." *Moon,* 45 Wn. App. at 696.

---

[1] (1) Identification of the defendant is the principal issue at trial; (2) the defendant presents an alibi defense; and (3) there is little or no other evidence linking the defendant to the crime. *Moon,* 45 Wn. App. at 697.

[2] Although the Supreme Court addressed the *Moon* factors in *Coe,* the court declined to either adopt or reject the factors as establishing a test. *See Coe,* 109 Wn.2d at 844.

As appellant argues, this court has recognized three factors which may be considered in determining whether a trial court's exclusion of expert testimony on eyewitness identification falls within the "very narrow range of cases" constituting an abuse of discretion:

(1) where the identification of the defendant is the principal issue at trial; (2) the defendant presents an alibi defense; and (3) there is little or no other evidence linking the defendant to the crime.

*Moon*, 45 Wn. App. at 697; *see also State v. Taylor*, 50 Wn. App. 481, 749 P.2d 181 (1988); *State v. Johnson*, 49 Wn. App. 432, 743 P.2d 290 (1987), *review denied*, 110 Wn.2d 1005 (1988); *State v. Moon*, 48 Wn. App. 647, 739 P.2d 1157 (1987); *State v. Hanson*, 46 Wn. App. 656, 731 P.2d 1140, *review denied*, 108 Wn.2d 1003 (1987). However, we have also held that the existence of all of these factors does not automatically result in a finding of abuse of discretion. *Johnson*, 49 Wn. App. at 438. On review, this court must also consider the reasons given by the trial court for excluding the expert testimony and consider the particular facts of each case. *Johnson*, 49 Wn. App. at 438. An abuse of discretion will only be found in those "few exceptional cases" that also involve fact patterns that are "close and confusing, and which 'cry out' for an explanation". (Footnote omitted.) *Johnson*, 49 Wn. App. at 439–40; *see also Taylor*, 50 Wn. App. at 489. Thus, while these factors provide guidance for determining whether there has been an abuse of discretion, they do not establish an inflexible formula mandating automatic reversal if all three factors are found to be present. The determinative question in every case such as this is will the expert testimony be helpful to the trier of fact?

■ Here, the trial court excluded Dr. Goodman's testimony finding that it did not assist the trier of fact, but that rather it would "ultimately confuse rather than aid the trier of fact." In the great majority of cases, it is a proper exercise of the trial court's discretion to exclude expert testimony on eyewitness identification on that ground. *Johnson*,

49 Wn. App. at 439. Furthermore, if the trial court's reasons for admitting or excluding the opinion evidence are "fairly debatable", exercise of its discretion will not be reversed on appeal. *Taylor,* 50 Wn. App. at 487 (quoting *Walker v. Bangs,* 92 Wn.2d 854, 858, 601 P.2d 1279 (1979)).

Here, it is debatable whether Dr. Goodman's testimony would assist the jury. First, the fact pattern of this case is not close and confusing: three witnesses identified Ward in connection with four robberies; Ward presented one potential alibi witness; and the testimony presented clearly set forth the facts from which the jury could make a decision. Second, the State's evidence was unusually persuasive: there were three eyewitnesses to four robberies; each witness had been within approximately 2 feet of the robber; and one witness had used a police "Identi-kit" to create a picture of the robber which bore an amazingly close resemblance to Ward. Third, the three witnesses each separately identified Ward as the robber in either a photo montage or a police lineup. Further, there were no serious contradictions in the description of the robber by the three witnesses: the first witness described the robber as 5 feet 8 inches or 5 feet 9 inches, 140 pounds and between 25 and 30 years old; the second witness described the robber as 6 feet 2 inches, 180 pounds and in his twenties or thirties; the third witness described the robber as "a little under six feet" and 160 to 165 pounds. The police investigation report listed Ward as 5 feet 10 inches and weighing 175 pounds. Ward testified that he is 5 feet 11 inches and weighs 180 to 185 pounds. The discrepancies in these descriptions could easily be brought out on cross examination and argued to the jury. They are not so confusing as to "cry out" for an explanation. *See Johnson,* 49 Wn. App. at 439-40.

While it is arguable that the three factors set forth in *Moon* are present here, we hold that this case is not one of the "few exceptional cases" involving an abuse of discretion. *See Johnson,* 49 Wn. App. at 439-40. The trial court must be free to exercise its discretion where such discretion

is given. To confine the trial court within the narrow boundaries of the three criteria listed in *Moon* would strip the court of its traditional discretionary judicial function. Under the facts of this case, it is debatable whether Dr. Goodman's testimony would have assisted the jury or acted to merely distract and confuse. We cannot find an abuse of discretion.

Accordingly, we affirm.

COLEMAN, C.J., and SCHOLFIELD, J., concur.

Review denied at 113 Wn.2d 1029 (1989).