IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOYCE DUCHESNEAU | No. 76304-1-I |
| Appellant, | |
| and | DIVISION ONE |
| ELISA CHAN, as personal representative of the ESTATE OF BENNETT C. TSE, | UNPUBLISHED OPINION |
| Respondent. | FILED: June 18, 2018 |

BECKER, J. — Joyce Duchesneau appeals from a summary judgment order dismissing her malpractice claim against the estate of a deceased attorney. Duchesneau has identified no basis for reversal. We affirm.

Appellant Joyce Duchesneau had a personal relationship with Randal Cole. She described herself as Cole's "girl Friday" who then became his girlfriend. Cole died in 2011. Duchesneau prepared a creditor's claim seeking $21,288.50 from his estate for providing care and services to him and to his minor son.

A claimant must (1) submit a creditor's claim to the personal representative and (2) file it in the court in which the probate proceedings were commenced. RCW 11.40.070(3). Duchesneau complied with the first

requirement by sending her claim to Bennett Tse, the attorney for the personal representative of Cole's estate, Brigitte Gerrior. Tse received the claim on August 15, 2011. According to Duchesneau, Tse informed her that he would file it in probate court on her behalf. He did not do so, nor did Duchesneau file the claim herself. The time frame in which she was required to do so elapsed. See RCW 11.40.051(1).

Tse withdrew as counsel for the personal representative. New counsel, Ray Rainey, was substituted in July 2013. On March 7, 2014, Duchesneau received notice from Gerrior that her claim had been rejected: "The Personal Representative rejects the foregoing claim(s) because they were not properly served and filed, they are untimely, they are unsupported by consideration, and they are barred by applicable statutes of limitations."

Tse died on April 5, 2015. Respondent Elisa Chan was appointed personal representative of Tse's estate. Duchesneau submitted a creditor's claim for $21,288.50, the same amount she unsuccessfully sought from Cole's estate. The attorney for Chan rejected this claim on December 16, 2015.

Acting pro se, Duchesneau then filed this suit against Chan, as personal representative for Tse's estate, on January 13, 2016. Her complaint alleged that when Tse failed to timely file her creditor's claim against Cole's estate, Tse acted as her lawyer and was negligent. Chan denied liability. She asserted that no attorney-client relationship existed between Duchesneau and Tse and he therefore had no duty to file her claim. Chan raised affirmative defenses including failure to state a claim upon which relief could be granted.

2

Interrogatories sent by Chan in August 2016 asked Duchesneau to identify experts that she intended to call; Duchesneau responded "no expert."

Trial was set for January 9, 2017. On November 1, 2016, Chan moved for dismissal by summary judgment. She argued: (1) the dead man's statute barred Duchesneau from testifying that she and Tse had an attorney-client relationship, and she had no other evidence of that relationship, and (2) the deadline for disclosure of witnesses had passed and Duchesneau had not identified any experts who could testify that Tse's conduct breached the standard of care. A hearing on the summary judgment motion was set for December 2, 2016.

A copy of the summary judgment motion and a notice of the hearing were sent by regular and certified mail to Duchesneau's home address on November 1, 2016. On November 18, 2016, Duchesneau contacted Chan's attorney by e-mail. She said she had received notices indicating that the postal service had attempted to make a delivery when she was not home to provide a signature. Chan's attorney responded, "The documents our firm sent you by certified mail, return receipt requested, are identical to the summary judgment documents we also sent to you by regular mail the same day." Duchesneau answered, "I never got a mailing from you guys and I don't know what you're talking about a summary judgment I have not received anything." Duchesneau asked counsel to send the documents to her work address and suggested that they should delay going "forward to court." In a response e-mail, Chan's attorney attached electronic copies of the documents and agreed to send hard copies to Duchesneau's work address. The e-mail said, "We do plan on going forward with

our Motion for Summary Judgment. Trial is scheduled for January 9, 2017, and it is imperative that the court hear our motion before the deadline to hear dispositive motions."

On November 21, 2016, the summary judgment motion and hearing notice were delivered to Duchesneau's work address; she signed to acknowledge receipt. The notice stated the hearing date but not the time. Under local court rules, a hearing notice must include both the date and time. LCR 7(b)(5)(A).

Duchesneau did not file a timely response to the summary judgment motion. The motion proceeded for hearing on December 2, 2016. Duchesneau did not appear. The court entered an order dismissing her complaint.

Duchesneau moved for reconsideration. She claimed in her brief (not by declaration or affidavit) that she believed she had more time to respond to the motion because she informed counsel that "I have not received whatever it was he was sending me at my house and to please send it to me at my work." She also argued that the hearing notice was deficient because it did not include a time for the hearing.

The court denied reconsideration by order dated December 12, 2016:

> When plaintiff Joyce Lanette Duchesneau filed this case alleging professional malpractice against an attorney (now deceased), it was assigned to this Department and given a trial date of January 9, 2017. Along with this information, the plaintiff also received case scheduling documents requiring that all witnesses be disclosed by August and September of 2016 and directing that all discovery be completed by November 21. Despite this, she has not disclosed any witnesses in this case and, in particular, she evidently did not have a witness who could give the requisite expert testimony as to a failure of the defendant to meet the professional standard of care. Without this, it would be

impossible for her case to proceed to trial. (And, of course, the deadline for seeking a continuance of trial date is also well past.)

Based upon the obvious deficiency in the plaintiff's case, the defendant brought a timely motion for summary judgment. The plaintiff did not submit any written response to the motion nor did she contact the Court or appear in person for the hearing. Shortly after the Court had granted the unopposed motion on December 2, the plaintiff—having received word of that development—did contact the court to inquire as to her options. She has now sought reconsideration of the Order, asserting some confusion regarding the time scheduled for the summary judgment hearing. However, nothing she has put before the Court would show, or even hint at, any basis upon which the above-noted deficiencies could be overcome.

Duchesneau then filed this appeal, seeking review of the order granting summary judgment and the denial of reconsideration.

Chan argues that review on the merits is not warranted given deficiencies in Duchesneau's opening brief. An appellate brief must include "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(6). Duchesneau's brief includes assignments of error challenging the summary judgment order and Chan's alleged failure to provide adequate notice of the hearing. There are no issue statements pertaining to these assignments of error, as required under RAP 10.3(4). There are minimal citations to the appellate record, and those that are included generally do not support the claims asserted. The remainder of the brief includes a "Statement of Case" section and a request for attorney fees. There is no argument section. At the conclusion of the facts section, Duchesneau asserts that a hearing notice must include the time in addition to the date. But she makes no argument and cites no authority to show

that violation of this rule, without more, warrants reversal of a summary judgment order, nor does she argue that reversal is warranted on any other basis.

A party's technical violation of the appellate rules "should normally be overlooked and the case should be decided on the merits." State v. Olson, 126 Wn.2d 315, 319, 893 P.2d 629 (1995). Cases will not be determined on the basis of noncompliance except in compelling circumstances. RAP 1.2(a). "This result is particularly warranted where the violation is minor and results in no prejudice to the other party and no more than a minimal inconvenience to the appellate court." Olson, 126 Wn.2d at 319; see also Daughtry v. Jet Aeration Co., 91 Wn.2d 704, 710, 592 P.2d 631 (1979) (appellate review is not barred if "the nature of the challenge is perfectly clear"). But when an appellant fails to raise an issue in connection with assignments of error *and* fails to present any argument on the issue or provide any legal citation, an appellate court will not consider the merits of that issue. Olson, 126 Wn.2d at 321.

Duchesneau's appeal is one of those rare cases in which technically deficient briefing prevents meaningful review. The lack of issue statements combined with the lack of argument as to why reversal is warranted makes the nature of her challenge unclear. We are mindful of the difficulties inherent in self-representation. But pro se litigants are generally held to the same standards as attorneys, including that they are expected to comply with the rules governing appellate review. State Farm Mut. Auto. Ins. Co. v. Avery, 114 Wn. App. 299, 310, 57 P.3d 300 (2002). In this instance, Duchesneau's serious noncompliance with RAP 10.3 has made it very difficult for Chan to know how to respond.

6

To the extent we can discern what Duchesneau is trying to argue, we conclude the trial court had a sound basis for ordering dismissal. Duchesneau claims to have received inadequate notice of the summary judgment hearing, but she has failed to rebut the ample evidence showing that she was properly served in accordance with the rules. She knew a hearing on the motion was scheduled for December 2, 2016, yet she took no action to defend against the motion and she did not seek a continuance.

As the trial court observed, Duchesneau at no point presented evidence in support of her legal malpractice claim. To substantiate a legal malpractice claim, a plaintiff must prove the existence of an attorney-client relationship. Hizey v. Carpenter, 119 Wn.2d 251, 260, 830 P.2d 646 (1992). The plaintiff must also present expert testimony to establish a breach of the standard of care. Walker v. Bangs, 92 Wn.2d 854, 857-58, 601 P.2d 1279 (1979). Duchesneau lacks proof of both.[1]

Given the complete lack of evidence supporting Duchesneau's malpractice claim, we would hold that summary judgment dismissal was proper even if we could get past the deficiencies of her briefing. Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

Chan requests attorney fees under RAP 18.9 based on the filing of a frivolous appeal. We decline to award fees.

---

[1] The documents submitted by Duchesneau to this court include part of a transcript from a hearing that occurred in a 2016 suit between Duchesneau and Gerrior, the personal representative of Cole's estate. Because the transcript was not submitted to the trial court, we decline to consider it. RAP 9.12.

Affirmed.

Becker, J.

WE CONCUR:

Trickey, J

Appelwick, CJ