NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANDOLPH V. PETERSON,

        Plaintiff - Appellant,

v.

RYAN BEST, an individual doing business as Best Law PLLC; BEST LAW OFFICE, PLLC, a Washington professional limited liability company,

        Defendants - Appellees.

No. 24-354

D.C. No.
2:22-cv-00219-TOR

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Argued and Submitted December 3, 2024
Seattle, Washington

Before: BOGGS, McKEOWN, and R. NELSON, Circuit Judges.[**]

Randolph Peterson appeals the district court's summary judgment for Ryan

Best and Best Law Office, PLLC in a diversity action alleging legal malpractice

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

under Washington law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in requiring expert testimony to establish the standard of care for an attorney under the circumstances here. Generally, legal-malpractice plaintiffs in Washington must offer expert testimony to establish a breach of the applicable standard of care. *See, e.g.*, *Clark Cnty. Fire Dist. No. 5 v. Bullivant Houser Bailey P.C.*, 324 P.3d 743, 752 n.5 (Wash. Ct. App. 2014). Because law is "a highly technical field beyond the knowledge of the ordinary person," expert testimony fleshes out the "special skill or knowledge" integral to "the preparation and conduct of specific litigation." *Walker v. Bangs*, 601 P.2d 1279, 1282 (Wash. 1979). Without expert testimony, a "plaintiff risks dismissal of the malpractice case." *Hizey v. Carpenter*, 830 P.2d 646, 654 (Wash. 1992).

There is a limited exception to this default rule. An expert need not testify when the negligence alleged "is within the common knowledge of lay persons." *Walker*, 601 P.2d at 1282. The district court here correctly found that the standard of care for the *qui tam* action underlying this malpractice suit is not within the "common knowledge" of non-lawyers. "In cases as complicated as *qui tam* actions," non-lawyers are not expected to understand "the complex legal and factual issues involved." *See Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1128 (9th Cir. 2007). That is no less true in this case, which lasted several years and featured lengthy consultation with the U.S. Attorney's Office about the merits of Peterson's

claim. The district court was right to require expert testimony on the appropriate standard of care, without which Peterson could not meet his burden of proof on summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

2. In the alternative, Peterson argues that the district court abused its discretion in excluding his untimely disclosure of the expert report of Judge Harold Clarke. *See* Fed. R. Civ. P. 37(c)(1). Peterson concedes that Judge Clarke should have been offered as an initial expert, not a rebuttal witness. Yet Peterson maintains the district court still should not have excluded Judge Clarke's opinion without conducting a harmlessness analysis.[1] *See id.* But Peterson never explained to the district court why it would have been harmless to allow Judge Clarke's untimely expert opinion. And when "the noncompliant party fails to argue harmlessness, a district court need not hold a sua sponte hearing on that issue before imposing Rule 37(c)(1)'s default sanction" of exclusion. *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) (citing *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175 (9th Cir. 2008)). Thus, the district court properly exercised its discretion in refusing to consider Judge Clarke's untimely expert opinion.

**AFFIRMED.**

---

[1] *Malone v. U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1987), does not apply. *Malone* requires a district court to consider several factors before sanctioning a party with dismissal for failure to comply with a court order. 833 F.2d at 129–30. This case was not dismissed for noncompliance with the district court's scheduling order.

24-354