**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GARY L. MERCHANT,
           *Plaintiff-Appellant*,

v.

CORIZON HEALTH, INC.,
                    *Defendant*,

KEITH YORDY, Warden; IDAHO
DEPARTMENT OF CORRECTIONS;
DOES, John/Jane I–X; Whose true
identities are presently unknown,
                    *Defendants*,

and

CORIZON, LLC,
           *Defendant-Appellee*,

JOHN MIGLIORI, M.D.; DAVID
AGLER, M.D.,
           *Defendants-Appellees.*

No. 19-36093

D.C. No.
1:17-cv-00524-
BLW

OPINION

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted December 10, 2020
Seattle, Washington

Filed April 2, 2021

Before:  M. Margaret McKeown, Danielle J. Hunsaker, and
Patrick J. Bumatay, Circuit Judges.

Opinion by Judge Hunsaker

## SUMMARY*

### Prisoner Civil Rights

The panel affirmed the district court's exclusion of
expert evidence under Federal Rule of Civil Procedure
37(c)(1), and summary judgment in favor of prison officials
in an action alleging defendants were deliberately indifferent
to plaintiff's medical needs.

The panel held that the district court did not err by
excluding plaintiff's expert under Rule 37(c)(1) because
plaintiff repeatedly failed to meet his disclosure obligations,
as set forth in Rule 26(a)(2).  The district court reasonably
concluded that plaintiff's failures were not substantially
justified or harmless.  The panel further noted that plaintiff
had never moved the district court for a lesser sanction.

Because the district court properly excluded plaintiff's
expert witnesses, it did not err in granting summary
judgment to defendants because plaintiff failed to
demonstrate a genuine issue of material fact for trial.

---

* This summary constitutes no part of the opinion of the court.  It
has been prepared by court staff for the convenience of the reader.

Moreover, the district court did not err in holding that plaintiff failed to exhaust his administrative remedies because he failed to file an Offender Concern Form—the first step in Idaho Department of Corrections' three-part grievance system set forth in Standard Operating Procedure 316.02.01.001. The panel declined to construe plaintiff's Health Services Request as a properly filed grievance.

## COUNSEL

Jason R.N. Monteleone (argued), Johnson & Monteleone L.L.P., Boise, Idaho, for Plaintiff-Appellant.

Dylan A. Eaton (argued) and Andrew R. Alder, Parsons Behle & Latimer, Boise, Idaho, for Defendants-Appellees.

## OPINION

HUNSAKER, Circuit Judge:

This case demonstrates that flouting generally applicable procedural rules—the rules of the game that all parties are entitled to rely upon and expect courts to enforce—has consequences. Sometimes even case-ending consequences.

Plaintiff-Appellant Gary Merchant is an Idaho prisoner. He alleges that the Idaho Department of Corrections (IDOC) and its medical provider, Corizon Health, Inc. (Corizon), were deliberately indifferent to his medical needs and acted with negligence. The primary issue presented in this appeal is whether the district court erred by excluding Merchant's expert witnesses under Federal Rule of Civil Procedure 37(c)(1), which was case dispositive, because

Merchant did not properly disclose his experts under Rule 26(a)(2). We conclude the district court did not err because Merchant repeatedly failed to meet his disclosure obligations, the district court reasonably concluded Merchant's failures were not substantially justified or harmless, and Merchant never moved for a lesser sanction. We also conclude the district court correctly found that Merchant failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA).

## I.  BACKGROUND

Merchant alleges that he swallowed a razor blade to force his transport to a hospital because Corizon was providing him inadequate medical care. Several hours after arriving at the hospital, doctors diagnosed a necrotizing fasciitis infection in Merchant's left leg and determined that an above-the-knee leg amputation was necessary to save his life. Merchant alleges that he lost his leg because Corizon did not timely diagnose and treat his leg infection.

## A.  Corizon's Medical Care

In the weeks preceding Merchant's orchestrated hospitalization, he submitted several Health Services Requests (HSRs) to Corizon. On January 22, 2016, he submitted an HSR reporting a Chron's Disease "flare-up" and requesting Prednisone. Dr. John Migliori, a Corizon employee, assessed Merchant, prescribed Prednisone, and directed him to take Humira every two weeks to manage his Chron's-related pain. Merchant submitted another HSR a week later, reporting elbow pain and bruising on his right arm. A Corizon nurse determined that his vitals were normal, wrapped his elbow, and recommended icing.

Merchant first complained of leg pain in an HSR dated February 2. He requested "urgent" medical care due to swelling in his left leg, which he described as twice the size of his right leg. Merchant submitted another HSR the next day and asked for a pair of compression socks to control swelling in both legs. A Corizon nurse evaluated Merchant and observed "+4 pitting edema" on both legs and scheduled Merchant for an appointment with Dr. Migliori the following day, February 4. However, Merchant "refuse[d] to be seen" on February 4 and "[was] angry for unknown reasons." Dr. Migliori nonetheless reviewed Merchant's HSRs and prescribed Lasix (a diuretic) to address the leg swelling. On February 5, Merchant requested an adjustment to his Lasix prescription, but the next afternoon he again refused to see Dr. Migliori. That night, February 6, Merchant told a prison official that he needed emergency medical care; he complained of diarrhea and said his swollen ankles prevented him from walking. After consulting with the on-call doctor, a Corizon nurse determined that Merchant did not require emergency care and instructed him to fill out an HSR form. An hour later, Merchant swallowed a razor blade and was transported to the hospital.

## B. Hospital Medical Care

Around 12:30 a.m. on February 7, Merchant told one of the emergency room doctors that "he'[d] been experiencing a Crohn's flare-up . . . and just couldn't take the pain anymore." He complained of "right-sided abdominal pain," but he did not report any leg pain. A physical examination revealed that Merchant had a low-grade fever and that his left calf was red, swollen, and bruised. An examination around 3:00 a.m. revealed that Merchant had an elevated white blood count, "which is suspicious for an infection."

The emergency room doctors admitted Merchant to the intensive care unit (ICU) based on several concerns. They reported that Merchant: (1) was on Coumadin (an anti-coagulant) and at risk for perforation of his intestines because he ingested a razor blade; (2) had atrial fibrillation with rapid ventricular response; and (3) was experiencing a Chron's flare-up. Merchant was not admitted for leg swelling, and when he was transferred to the ICU at 5:22 a.m., he had not been diagnosed with an infection. It was not until several hours later that Merchant was diagnosed with a necrotizing fasciitis infection in his left leg and doctors determined that an above-the-knee leg amputation was necessary.

## C. District Court Proceedings

Merchant sued IDOC, Corizon, and several Corizon employees (collectively, Corizon)[1] alleging that they acted with deliberate indifference to a substantial risk of serious harm in violation of 42 U.S.C. § 1983. He also brought two negligence claims against Corizon—medical malpractice and negligent retention, training, and supervision—under Idaho law. Corizon pleaded failure to exhaust under the PLRA as an affirmative defense.

In March 2019, the district court directed Merchant to disclose expert witnesses by May 15 and rebuttal-expert witnesses by July 22. The district court subsequently extended the rebuttal-expert-disclosure date to August 16 after Merchant requested an extension to accommodate his

---

[1] Merchant also sued the warden of the prison but agreed to voluntarily dismiss those claims.

counsel's three-week vacation. Merchant served the following expert disclosures:

- May 17: Two days past the deadline, Merchant disclosed Dr. Madsen as his only retained expert witness. The disclosure failed to include a written expert report as required by Federal Rule of Civil Procedure 26(a)(2)(B).

- May 20: Five days past the deadline, Merchant disclosed Dr. Madsen's expert report, as well as ten non-retained expert witnesses. In his non-retained-expert disclosure, Merchant did not summarize the facts and opinions to which those experts would testify as required by Rule 26(a)(2)(C)(ii).

- July 15: 61 days past the deadline, Merchant disclosed two more non-retained expert witnesses.

- August 16: Merchant disclosed three rebuttal experts—Dr. Madsen, Dr. Spellberg, and Dr. Ginchereau—and several non-retained expert rebuttal witnesses. Merchant indicated that Dr. Madsen's rebuttal testimony "was set forth in her initial disclosure" and included only Dr. Ginchereau's expert report. The non-retained expert disclosures did not summarize the facts and opinions to which those experts would testify as required by Rule 26(a)(2)(C)(ii).

- August 21: Five days after the rebuttal-disclosure deadline, Merchant disclosed Dr. Spellberg's expert report.

- September 26: Merchant filed an affidavit from Dr. Dau who was listed as a non-retained expert in his May 20 and August 16 disclosures. Dr. Dau opined on the cause of Merchant's infection.

Given Merchant's repeated failure to comply with his disclosure obligations, Corizon moved in limine to exclude Merchant's expert witnesses under Federal Rule of Civil Procedure 37(c)(1). Corizon also moved for summary judgment on all claims, arguing that Merchant's claims failed as a matter of law without expert testimony regarding the standard of care and causation and that he failed to exhaust his administrative remedies under the PLRA. In response, Merchant argued that his five-day delay in disclosing his experts did not prejudice Corizon and that his untimeliness was substantially justified because his attorney was "out of the country." He also asserted that he exhausted his administrative remedies by submitting several HSRs before his hospitalization.

The district court heard argument on both motions and found that Merchant had properly disclosed only one rebuttal expert witness—Dr. Ginchereau. The district court also found that Merchant's noncompliance was not substantially justified or harmless and concluded that Rule 37(c)(1) "is really a self-executing automatic sanction" that excludes improperly disclosed expert evidence absent such a showing. Regarding Corizon's motion for summary judgment, the district court held that Merchant could not rely on his one properly disclosed rebuttal expert to establish his case in chief, and without expert evidence, he had established neither deliberate indifference nor negligence. Finally, the district court determined that the PLRA precluded Merchant's Section 1983 claim because he had failed to exhaust his administrative remedies.

## II.  DISCUSSION

We review a district court's imposition of a discovery sanction for an abuse of discretion, and any factual findings related to that sanction are reviewed for clear error. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957–58 (9th Cir. 2006). However, we interpret the Federal Rules of Civil Procedure de novo. *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014). We also review de novo a district court's grant of summary judgment based on a failure to exhaust administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).

### A.  Expert Disclosures

Merchant argues that the district court erred in excluding his expert medical evidence on which his claims depend. Specifically, he claims that exclusion of his witnesses was an unjustifiably harsh sanction considering his de minimis violations of Federal Rule of Civil Procedure 26(a)(2)—the rule governing expert witness disclosures. We therefore review Merchant's compliance with Rule 26(a)(2) before analyzing the district court's sanction under Rule 37(c)(1).

### 1.  Rule 26(a)(2) Disclosures

Rule 26(a)(2) requires litigants to disclose all expert witnesses "at the times and in the sequence that the court orders." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). The disclosure of experts "retained or specially employed to provide expert testimony in the case" must provide, among other things, a signed report with "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i), (ii). A treating

physician who is expected to testify regarding opinions "formed during the course of treatment" need not submit a detailed expert report. *Goodman*, 644 F.3d at 826. Nonetheless, disclosures of non-retained, treating physicians must include "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *see also* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

Although Merchant admits he violated Rule 26(a)(2), he repeatedly asserts that he missed the initial-disclosure deadline by only a few days. This characterization, however, is at odds with the district court's finding that Merchant persistently disregarded Rule 26(a)(2) throughout the course of discovery—a conclusion supported by the record. To be sure, some of Merchant's disclosures were only five days late. But he disclosed other expert evidence 61 and 134 days past the deadline. Moreover, Merchant's non-retained-expert disclosures neither specified nor summarized each witness's anticipated testimony. And on May 17 and August 16, he failed to include an expert report for his retained expert witnesses. We therefore reject Merchant's attempt to downplay the extent of his discovery violations and hold that the district court did not clearly err in finding that Merchant repeatedly failed to comply with Rule 26(a)(2).

## 2.  Rule 37(c)(1) Sanctions

The district court sanctioned Merchant by excluding his improperly disclosed expert evidence under Federal Rule of Civil Procedure 37(c)(1), which provides:

**(1)** *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

> **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

> **(B)** may inform the jury of the party's failure; and

> **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

The district court was correct that Rule 37(c)(1) is an "automatic" sanction that prohibits the use of improperly disclosed evidence. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). As the Rule plainly states, litigants can escape the "harshness" of exclusion only if they prove that the discovery violations were substantially justified or harmless. *Id.* (citing Fed. R. Civ. P. 37(c)(1)). The automatic nature of the rule's application does not mean that a district court *must* exclude evidence that runs afoul of Rule 26(a) or (e)—Rule 37(c)(1) authorizes appropriate sanctions "[i]n addition to or instead of [exclusion]." Fed. R. Civ. P. 37(c)(1). Rather, the rule is automatic in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party

has failed to show that the discovery violation was either substantially justified or harmless. *Yeti by Molly*, 259 F.3d at 1106–07.

Merchant argues that because the district court excluded case-dispositive evidence, this court should consider factors traditionally considered in evaluating dismissal sanctions under Rule 37(b)(2)(A)(v). Merchant's argument finds some support in our decision in *R & R Sails, Inc. v. Insurance Co. of Pennsylvania*, 673 F.3d 1240, 1246–48 (9th Cir. 2012). There, we held that if a Rule 37(c)(1) sanction will "deal[] a fatal blow" to a party's claim, a district court must consider (1) "whether the claimed noncompliance involved willfulness, fault, or bad faith" and (2) "the availability of lesser sanctions." *Id.* at 1247. We usually apply these factors to Rule 37(b)(2)(A)(v) sanctions of dismissal. *See, e.g.*, *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946, 948 (9th Cir. 1993); *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990). But *R & R Sails* held that when excluding case-dispositive evidence under Rule 37(c)(1), a district court must consider these two factors as part of its "harmlessness inquiry." 673 F.3d at 1247. *R & R Sails* further held that a district court abuses its discretion in excluding case-dispositive evidence if it fails to "conduct[] this inquiry" or "make the requisite findings." *Id.* at 1248.

Although *R & R Sails* incorporated Rule 37(b)(2)(A)(v)'s two-factor test into Rule 37(c)(1)'s harmlessness inquiry, it did nothing to disturb Rule 37(c)(1)'s textual requirement that a party facing sanctions under that provision bears the burden of showing that a sanction other than exclusion is better suited to the circumstances. Rule 37(c)(1) authorizes district courts to impose a lesser sanction—one "[i]n addition to or instead of" exclusion—"on motion and after giving an opportunity to be

heard." Fed. R. Civ. P. 37(c)(1). Accordingly, a noncompliant party must "avail himself of the opportunity to seek a lesser sanction" by formally requesting one from the district court. *Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 705 (8th Cir. 2018). Where a party does not move for a lesser sanction, however, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). In such circumstances, a district court does not abuse its discretion in excluding evidence under the plain meaning of Rule 37(c)(1). *Vanderberg*, 906 F.3d at 705; *see also Wilson v. Bradlees of New Eng., Inc.*, 250 F.3d 10, 21 (1st Cir. 2001). We agree with the Eighth Circuit that to require district courts to consider lesser sanctions without a motion "would collapse the rule's provision of automatic exclusion of undisclosed evidence (except where harmless or substantially justified), with the option of alternative or additional sanctions on a party's motion, into an open-ended approach that is divorced from the text of the rule." *Vanderberg*, 906 F.3d at 705; *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 298 (2d Cir. 2006) ("[T]he plain text of the rule provides that *if an appropriate motion is made* and a hearing has been held, the court does have discretion to impose other, less drastic, sanctions." (emphasis added)).

This approach accords with the longstanding principles that district courts have "wide latitude" under Rule 37(c)(1) and that "the burden is on the party facing sanctions to prove harmlessness." *Yeti by Molly*, 259 F.3d at 1106–07 (citing *Wilson*, 250 F.3d at 21); *see also Benjamin v. B&H Educ., Inc.*, 877 F.3d 1139, 1150 (9th Cir. 2017). As such, if the noncompliant party fails to argue harmlessness, a district court need not hold a sua sponte hearing on that issue before imposing Rule 37(c)(1)'s default sanction. *See generally*

*Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175 (9th Cir. 2008). Likewise, if the noncompliant party fails to move for lesser sanctions, the district court is not required to consider one and does not abuse its discretion in excluding evidence where such action is otherwise justified. *Vanderberg*, 906 F.3d at 705.

We recognize that under *R & R Sails*, when a district court excludes case-dispositive evidence under Rule 37(c)(1), it must consider lesser sanctions as part of its "harmlessness inquiry." 673 F.3d at 1247. In that case, however, the noncompliant party moved the district court to reconsider its Rule 37(c)(1) sanction. *Id.* at 1245. And in moving for reconsideration, the noncompliant party properly "avail[ed] [itself] of the opportunity to seek a lesser sanction," *Vanderberg*, 906 F.3d at 705. *R & R Sails*'s lesser-sanction requirement is thus limited to situations where the request for an alternative sanction is presented "on [the noncompliant party's] motion." Fed. R. Civ. P. 37(c)(1).

Here, Merchant never moved the district court for a lesser sanction. Although he objected to exclusion of his experts in opposing Corizon's motion in limine, he neither moved for an alternative sanction nor moved for reconsideration of the district court's ruling on Corizon's motion. Therefore, we hold that Merchant failed to trigger *R & R Sails*'s lesser-sanction requirement. Without that trigger, the district court did not abuse its discretion in imposing Rule 37(c)(1)'s default exclusion sanction.[2]

---

[2] Even were we to consider the factors that *R & R Sails* held must be addressed as part of Rule 37(c)(1)'s harmlessness inquiry, we still would conclude the district court did not err. 673 F.3d at 1247. The excuses Merchant's counsel gave for the disclosure failures were within his control, *Henry*, 983 F.2d at 948, and the district court found that they

Because the district court properly excluded Merchant's expert witnesses, we further conclude it did not err in granting summary judgment to defendants because Merchant failed to demonstrate a genuine issue of material fact for trial.

## B. Exhaustion of Administrative Remedies

We also address Merchant's objection to the district court's conclusion that his Section 1983 claim failed as a matter of law because he failed to exhaust his administrative remedies. Before challenging prison conditions under Section 1983, a prisoner must exhaust "such administrative remedies as are available." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). This standard demands "compliance with [a prison's] deadlines and other critical procedural rules." *Id.* "[T]he defendant in a PLRA case must plead and prove nonexhaustion as an affirmative defense." *Albino*, 747 F.3d at 1171. Once the defendant has made such a showing, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* at 1172.

Here, Corizon timely pleaded nonexhaustion as an affirmative defense and established at summary judgment that Merchant failed to file an Offender Concern Form—the first step in IDOC's three-part grievance system set forth in

---

were easily avoidable, which is supported by the record. The district court also considered the appropriateness of lesser sanctions, despite Merchant's failure to move for such, and found that Merchant's "chronic" noncompliance prejudiced Corizon and that imposing a lesser sanction would unjustly benefit Merchant at Corizon's expense. This was not an abuse of discretion.

Standard Operating Procedure 316.02.01.001 (Grievance Process). Merchant does not argue that the Grievance Process was unavailable to him. Instead, he claims that prisoners with medical complaints need not follow the Grievance Process. Specifically, he contends that such prisoners may instead exhaust their administrative remedies by submitting HSRs to Corizon. Merchant's theory is belied by the record.

The Grievance Process explicitly instructs prisoners with medical complaints to file an Offender Concern Form. The warden also testified that prisoners challenge healthcare-related decisions via the Grievance Process whereas HSRs are used to request medical attention. Indeed, Merchant filed two different Offender Concern Forms complaining about his medical care several years before the subject incident— evidence undermining any suggestion that Merchant did not understand the Grievance Process.

Despite this evidence, Merchant contends that his HSRs constitute properly exhausted grievances. Citing *Griffin v. Arpaio*, he argues that "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought" and that his HSRs met this standard because they "alert[ed]" Corizon to his leg pain. 557 F.3d 1117, 1120 (9th Cir. 2009) (citation omitted). The problem with Merchant's argument is that *Griffin* concerns the level of specificity required in a *grievance* form. *Id. Griffin* is thus inapposite to this appeal because Merchant's HSRs cannot be characterized as grievances—i.e., "retrospective complaints about the denial of [medical] services." *Small v. Camden Cnty.*, 728 F.3d 265, 272 (3d Cir. 2013) (citation omitted); Black's Law Dictionary (11th ed. 2019) (defining a grievance as "[t]he complaint itself"). Merchant's HSRs were only "prospective requests" for services. *Small*, 728 F.3d at 272. They never

provided IDOC "a fair opportunity to correct [its alleged] error[]," *Ngo*, 548 U.S. at 94. We therefore decline to construe Merchant's HSRs as properly filed grievances and affirm the district court's grant of summary judgment to Corizon on Merchant's Section 1983 claim because he failed to exhaust his administrative remedies as required by the PLRA.[3]

## III. CONCLUSION

The district court did not err in excluding Merchant's improperly disclosed expert evidence under Rule 37(c)(1) or in granting summary judgment to the defendants because Merchant failed to demonstrate a genuine issue of material fact for trial. Nor did the district court err in holding that Merchant failed to exhaust his administrative remedies, thus defeating his Section 1983 claim.

**AFFIRMED.**

---

[3] Merchant suggested at oral argument that IDOC's three-step procedure bars prisoners from seeking relief in the emergency-medical context. Merchant failed to raise this argument to the district court or in his appellate briefing, and we therefore decline to consider it. *See Bracken v. Okura*, 869 F.3d 771, 776 n.3 (9th Cir. 2017).