**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBRA JEAN MILKE, | No.   20-17210 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00462-ROS |
| v. | |
| CITY OF PHOENIX; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| WILLIAM GERARD MONTGOMERY, Maricopa County Attorney - in his official capacity; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted January 10, 2022
San Francisco, California

Before:  GOULD, BENNETT, and R. NELSON, Circuit Judges.

Debra Milke brought various claims under 42 U.S.C. § 1983.  As the district

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

court found, she and her lawyers knowingly and willfully obstructed discovery and destroyed an extraordinary amount of physical evidence and some electronic evidence. The district court did not clearly err in so finding. *See Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 739 (9th Cir. 2021). The misconduct was so extensive and prejudicial that the district court held it required the case to be dismissed with prejudice. We have jurisdiction under 28 U.S.C. § 1291 and affirm because the district court did not abuse its discretion.

Milke served more than two decades on Arizona's death row for the murder of her four-year-old son. *See Milke v. Ryan*, 711 F.3d 998, 1000–01 (9th Cir. 2013). Although no physical evidence linked Milke to the crime, she was convicted after police detective Armando Saldate, Jr. testified that she confessed to the murder conspiracy. *Id.* at 1002. This court granted Milke conditional habeas relief because the government had prejudicially failed to disclose that Saldate had a "long history of lying under oath and other misconduct." *Id.* at 1001. A state court found that any retrial would violate the Double Jeopardy Clause of the Arizona Constitution. *See Milke v. Mroz*, 339 P.3d 659, 662 (Ariz. Ct. App. 2014).

In 2015, Milke sued Saldate, a police sergeant, the City of Phoenix, and Maricopa County ("Defendants"), claiming she had been unconstitutionally incarcerated. As the district court noted, "[h]er central claim was that Saldate fabricated her confession in 1989." She also alleged other evidence fabrication; a

2

coercive interrogation and the use of her coerced statements; and supervisory, municipal, and county liability. The case proceeded for more than five years. The district court found that Milke had committed egregious discovery violations, including willfully and intentionally destroying both physical and electronic evidence and repeatedly making incomplete and inaccurate discovery responses.[1] The district court also found that this misconduct had caused years of delay. The evidence that Milke destroyed included boxes of documents she had collected while in prison, and Milke's deceased mother's boxes of documents concerning Milke's criminal and habeas cases.[2] Milke and her lawyers also directed the removal or destruction of a website and social media pages about her case. The district court did not clearly err in making these core findings.

After finding the requisite willfulness, fault, or bad faith, the district court weighed the five relevant factors to determine whether dismissal was the proper sanction. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Those factors are "(1) the public's interest in expeditious resolution of litigation; (2) the

---

[1] The district court made detailed findings on all such violations. We highlight here only the physical evidence destruction.

[2] Milke sent her mother a prison journal and her recollections of the events underlying this case. Milke denied keeping a journal until confronted with her own statement that she had done so. She never produced the journal. The district court also found it "more likely than not that Milke's mother's files [that Milke destroyed] contained [Milke's] 'recollections' and journal and that those documents contained versions of Milke's interrogation and included Milke's knowledge regarding Saldate's history of misconduct."

court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (citation omitted).

The district court did not abuse its discretion in applying this test, which "is not mechanical." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The district court correctly found that the public's interest in expeditious resolution of litigation and its need to manage its dockets supported dismissal because the case had been pending for five years, the district court had been unable to close discovery, and Milke's actions had thwarted these efforts and prevented the case from proceeding to trial. The district court also correctly found that public policy weighed against dismissal. But as the district court noted, this factor, on its own, cannot outweigh the other factors. *Leon*, 464 F.3d at 960–61. The relevant inquiry thus centers on prejudice to the opposing party and the availability of less drastic sanctions.[3]

The district court did not clearly err in finding that Milke's destruction of evidence prejudiced Defendants' ability to proceed to a fair trial. The central factual dispute involves whether Milke or Saldate was telling the truth about

---

[3] The district court also found that Milke violated one of its related orders. And when a party violates a court order, whether dismissal is appropriate similarly turns on the risk of prejudice to the opposing party and the availability of less drastic sanctions. *See Comput. Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).

whether Milke confessed. Thus, just as evidence bearing on Saldate's credibility was crucial, so, too, was evidence bearing on Milke's credibility. Milke's destruction of relevant documents raises a presumption that the documents cast doubt on her case. *See Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 354 (9th Cir. 1995). Milke has not rebutted that presumption. And even beyond the presumption, the district court correctly found that the documents Milke destroyed would "likely be at the heart of [the] defense were [they] available." *Leon*, 464 F.3d at 960. We emphasize, as did the district court, that Milke's willful destruction of relevant evidence was extraordinary.[4] Thus, the district court did not clearly err in finding prejudice.

---

[4] Among the detailed prejudice findings made by the district court:

> The destroyed prison documents and the files maintained by Milke's mother more probably than not included documents regarding the core events at issue in this case. . . . Thus, the loss of the documents threatens the rightful decision of the case.

. . .

> Because of Milke's willful and intentional destruction of her prison files after her release, and her willful and intentional destruction of her mother's files two years after the present suit was filed, Defendants will never know what those files contained. But it is at least reasonable to presume that Milke would not have destroyed the evidence if it had been helpful to her claims. Rather, it is more likely than not that the destroyed evidence was inculpatory.

. . .

> Milke's destruction of documents has rendered it impossible for the parties to have access to all the material and true facts.

5

The district court also did not clearly err in determining that less drastic sanctions were unavailable here. It "considered lesser sanctions," "tried them," and warned Milke "about the possibility of case-dispositive sanctions." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. The district court first considered imposing costs and attorneys' fees against Milke. It tried to implement its costs and fees award by asking the parties to propose an appropriate award (Defendants sought more than $600,000, while Milke proposed no more than about $150,000), asking Milke to report her total assets (an expectation of about $96,000 from her mother's estate), and then determining that Milke could not satisfy even her own low suggested award. The district court also explained why other alternative sanctions, which it had instructed Milke to propose if she could not satisfy a fee award, were insufficient. Milke proposed dismissing her coerced confession claim, dismissing the police sergeant defendant, or giving the jury an adverse inference instruction. The district court assessed the coerced confession claim as weak because Milke had written to her retrial counsel that Saldate read her *Miranda* warnings twice and that she told him she understood her rights. And Milke had also given conflicting accounts of invoking her right to counsel. The district court found dismissal of the police sergeant defendant to be insufficient because Milke's claim against him was an insignificant part of her suit. It also found that an adverse inference jury instruction would not sufficiently remedy the prejudice that Milke had caused

6

through her evidentiary destruction. And in its initial sanctions order, before the dismissal order, the district court warned Milke about the possibility of dismissal.[5] Thus, the district court did not clearly err in finding that less drastic sanctions were unavailable.

Had Milke and her attorneys either satisfied their discovery obligations or even committed less egregious discovery violations, this lawsuit would not have been dismissed before trial. But they chose to destroy evidence and obstruct the discovery process in extraordinary fashion. The district court correctly dismissed the case and thus did not abuse its discretion in so doing.

**AFFIRMED.**

---

[5] In its dismissal order, the district court also noted that other material discovery violations had been identified *after* it had issued the initial sanctions order.