NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THURMAN GAINES, | No.   22-15263 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00587-JLT-SAB |
| v. | |
| E. HOROWITZ, Dr.; MCSP, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted March 22, 2023[**]
San Francisco, California

Before:  WALLACE, SILVERMAN, N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Thurman Gaines appeals from the district court's dismissal of his claim for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review legal conclusions concerning exhaustion de novo and factual findings for clear error. *See Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc). We review a district court's imposition of discovery sanctions and exclusion of evidence for abuse of discretion. *See Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1027 (9th Cir. 2003). We affirm.

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires that a prisoner exhaust "administrative remedies as are available" before filing an action to challenge prison conditions. This is an affirmative defense that must be proved by a defendant. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). In particular, the defendant bears the burden to prove that the prison had "an available administrative remedy" and that "the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. After the defendant makes such a showing, the plaintiff bears the burden of production to establish that "there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

The district court did not err in concluding that Gaines did not exhaust his administrative remedies. The district court did not clearly err in finding that the

prison had a generally available grievance process, as Gaines failed to rebut the Defendants' evidence and establish that the prison had a history of misplacing or losing grievances in a manner that made the process generally unavailable. Nor did the district court clearly err in concluding that Gaines did not file, and the prison did not lose, his grievance, and therefore the grievance process was not effectively unavailable to him. *See Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017).

The district court did not abuse its discretion in excluding two inmate declarations as an evidentiary sanction, as Gaines failed to disclose timely this evidence and the sanction did not amount to a dismissal. *See R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

The district court did not abuse its discretion in excluding the California Office of the Inspector General report, as Gaines has not established that his failure to provide this report in discovery was substantially justified or harmless. *See Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021).

The Appellees' motion for leave to transmit exhibits is granted.

**AFFIRMED.**