NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 4 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDYTA GRYGLAK, FKA Edyta A. Fromkin,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>HSBC BANK USA, N.A., as trustee for Wells Fargo Home Equity Asset-Backed Certificates, Series 2006-3, by its Attorney-in-fact Wells Fargo Bank, N.A.; et al.,<br><br>               Defendants-Appellees. | No.   22-15630<br><br>D.C. No.<br>2:17-cv-01514-JCM-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted April 11, 2023
San Francisco, California

Before: PAEZ, CLIFTON, and H.A. THOMAS, Circuit Judges.

Edyta Gryglak ("Gryglak") appeals the district court's summary judgment in

favor of HSBC Bank USA, N.A., as trustee for Wells Fargo Home Equity Asset-

Backed Certificates, Series 2006-3, by its attorney-in-fact Wells Fargo Bank, N.A.;

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Wells Fargo Bank, N.A.; and Wells Fargo Asset Securities Corporation (collectively, "Wells Fargo"), on her breach of contract claim. Gryglak also appeals the dismissal of her claim under the Fair Debt Collection Practices Act ("FDCPA"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** *Breach of Contract.* In 2021, Wells Fargo moved for summary judgment a second time[1] on the breach of contract claim, arguing that Gryglak had violated Federal Rule of Civil Procedure Rule 26(a) by failing to make initial disclosures of her damages, and requesting that the court exclude Gryglak's damages evidence under Rule 37(c)(1). In March 2022, the district court entered an order precluding all of Gryglak's damages evidence and granting summary judgment to Wells Fargo. This appeal followed.

We review de novo a district court's grant of summary judgment. *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 685 (9th Cir. 2017). We review the imposition of discovery sanctions under Rule 37 for abuse of discretion. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (citation omitted).

**A.** *Rule 26(a).* Under Rule 26(a), a party must, "without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). In

---

[1] Wells Fargo moved for summary judgment for the first time in September 2018, but the district court denied that motion. Subsequently, the court granted Wells Fargo leave to file a second motion for summary judgment.

this case, each party was due to exchange initial disclosures by October 16, 2017. *See* Fed. R. Civ. P. 26(a)(1)(C).

The parties agree that Gryglak failed to comply with Rule 26(a)'s disclosure requirements. Instead, she repeatedly claimed new theories of damages throughout the course of litigation. She first identified potential damages in a response to an interrogatory from Wells Fargo in July 2018. In her response, she claimed losses resulting from: "(i) attorneys fees and costs . . . (ii) impairment of her credit rating . . . (iii) inability to refinance or sell the Property . . . and (iv) fear of foreclosure and . . . emotional pain and suffering." Subsequently, Gryglak asserted a new theory in her opposition brief to Wells Fargo's first motion for summary judgment, claiming that Wells Fargo had charged her "late fees and interest" in excess of the monthly $1,824.07 imposed by a Chapter 11 Bankruptcy Reorganization Plan ("Plan"). The parties later characterized this theory as the "Escrow Damages Theory," because the excess fees represented charges for escrow-related items. Finally, in her opposition brief to Wells Fargo's second summary judgment motion, Gryglak asserted three new theories of damages, which the parties refer to as the "New Damages Theories": 1) the expense of participating in foreclosure mediation; 2) late fees; and 3) the lost opportunity of not refinancing her mortgage. Plainly, none of Gryglak's categories of damages were properly disclosed according to Rule 26(a).

**B.** *Rule 37(c)(1).*  The disclosure requirements in Rule 26(a) are enforced by applying the sanction provision in Rule 37(c)(1).  Under Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial."  Fed. R. Civ. P. 37(c)(1).  This exclusion provision is generally "self-executing" and "automatic."  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citation omitted).

There are two express exceptions to Rule 37(c)(1): if the party's failure to make a Rule 26(a) disclosure is either "substantially justified or harmless," then the information may still be introduced.  *Id.* (citing Fed. R. Civ. P. 37(c)(1)).  Gryglak asserts that the district court erred in excluding her damages evidence because one or both of the Rule 37(c)(1) exceptions applies to excuse her non-compliance.  As the party facing sanctions, it is her burden to prove that her disclosure violations were substantially justified or harmless.  *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012).

The district court did not abuse its discretion by excluding Gryglak's damages evidence under Rule 37(c).  First, Gryglak offers no reasonable justification for why she failed to comply with Rule 26(a).  She asserts that Wells Fargo never "complained" about the lack of disclosures and the district court never issued an order compelling her to provide them, but the rule imposes an affirmative

obligation on parties to make disclosures "without awaiting a discovery request." Fed. R. Civ. P. 26(a).

Second, Gryglak has not demonstrated that her discovery violations were harmless. There are several factors we consider in determining whether a discovery violation is harmless, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010).

The district court reasonably determined that Wells Fargo suffered prejudice as a result of Gryglak's Rule 26(a) violation. As the court found, Wells Fargo was forced to litigate this matter for multiple years—including two rounds of summary judgment motions and an appeal to the Ninth Circuit—without having a clear understanding of the damages Gryglak claims to have suffered. Gryglak insists that she is not responsible for any harm to Wells Fargo because she was unaware of the Escrow Damages Theory until Wells Fargo produced billing statements on May 10, 2018, which was seven months after Rule 26(a) disclosures were due. But parties are not excused from Rule 26(a) requirements simply because they discovered new evidence at a later date. Under Rule 26(e)(1)(A), parties are required "to supplement their prior disclosures 'in a timely manner' when the prior

5

response is 'incomplete or incorrect.'" *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), as amended (Sept. 16, 2008).

The district court reasonably found the prejudice against Wells Fargo could not be cured and that there was a likelihood of disruption of any trial. The court's finding that Gryglak "needlessly prolong[ed] this litigation for years" is supported by the record. Contrary to Gryglak's contention, the parties could not have proceeded to trial after the first round of summary judgment briefing without a clear understanding of the damages Gryglak sought. Her delayed disclosures disrupted the district court litigation process and wasted the parties' resources.

The district court reasonably found that Gryglak acted in bad faith. We have explained that, when a Rule 37(c)(1) sanction will be dispositive of a party's claim, a district court must consider (1) "whether the claimed noncompliance involved willfulness, fault, or bad faith" and (2) "the availability of lesser sanctions." *R & R Sails, Inc.*, 673 F.3d at 1247. The district court found that Gryglak's conduct "reek[ed] of bad faith" because she repeatedly raised new theories of damages in response to summary judgment motions, when all of those theories "were readily available for [her] to disclose years ago or too hypothetical to be considered at summary judgment." Gryglak challenges this finding, but her arguments are unavailing.

6

With respect to the New Damages Theories, Gryglak argues that Wells Fargo had notice of these claims because they are similar to those raised in her responses to the July 2018 interrogatories. But even if some of Gryglak's theories overlapped, she has taken inconsistent positions on what damages she seeks to recover. In fact, in her opposition brief to Wells Fargo's first motion for summary judgment, Gryglak abandoned the damages she identified in her interrogatory responses and conceded "that most . . . [we]re not recognizable under a breach of contract claim." Gryglak's inconsistent, ever-shifting arguments resemble bad faith "gamesmanship," which has prevented Wells Fargo from meaningfully responding to her claims for years.

Finally, the district court reasonably considered the availability of lesser sanctions to the extent it was required to do so. A court is only required to consider a lesser sanction when a party "formally request[s] one from the district court." *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021). Gryglak "neither moved for an alternative sanction nor moved for reconsideration of the district court's ruling on [the] motion." *Id.* at 742. Nonetheless, the court briefly considered the issue and stated that lesser sanctions would not be appropriate. This finding was reasonable in light of the record.

Because the district court reasonably exercised its discretion in excluding Gryglak's damages evidence, the court did not err in granting summary judgment to Wells Fargo on the breach of contract claim.

**2.** *FDCPA Claim.* Gryglak contests the district court's dismissal of her claim under the FDCPA and the denial of her motion for reconsideration of that ruling. "We review the denial of leave to amend for an abuse of discretion, but we review the question of futility of amendment de novo." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016) (cleaned up). Here, the court dismissed Gryglak's claim as futile because it found that neither Wells Fargo nor HSBC Bank could qualify as a "debt collector" under the FDCPA. Accordingly, we review the court's dismissal de novo.

The FDCPA "prohibits 'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). One exemption to this definition is that "the person who originated the debt, such as a creditor to whom the debt was originally owed, is not considered a debt collector." *De Dios v. Int'l Realty &*

8

*Invs.*, 641 F.3d 1071, 1074 (9th Cir. 2011) (emphasis added) (citing 15 U.S.C. § 1692a(6)(F)(ii)).

Gryglak's FDCPA claim is foreclosed by *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208-09 (9th Cir. 2013). Gryglak's complaint contained no facts suggesting that Wells Fargo or HSBC's "principal purpose" is debt collection, or that either entity "regularly collects or attempts to collect" debts owed to another. 15 U.S.C. § 1692(a)(6); *Schlegel*, 720 F.3d at 1209-10. Contrary to Gryglak's argument, Wells Fargo did not file a proof of claim in bankruptcy court "using" HCBC's name as its own, in violation of 15 U.S.C. § 1692(a)(6). And HSBC Bank's "collection efforts . . . relate only to debts owed to itself," because it had received beneficial interest in the loan before the 2016 foreclosure proceeding. *Schlegel*, 720 F.3d at 1209. Because Gryglak's complaint did not "plausibly allege that Wells Fargo [or HSBC] is a debt collector under § 1692a(6)," we "affirm the district court's dismissal of [Gryglak's] FDCPA claim." *Id.* at 1210.

**AFFIRMED.**